Weight, J.
 

 Apprehending that the defendants, in accordance with a resolution adopted by them as a board of trustees, would proceed to tear down and remove the fence and gateposts, erected by the plaintiff across the south end of the strip of land called, in the Case, the continuation or prolongation of Morris avenue, from Northern avenue to the south boundary
 
 *476
 
 of the inclosure of George P. Morris, this action was brought. No question was raised on the trial as to the right of the plaintiff to- be relieved in a court of equity, provided there had been no effectual and'binding dedication of the strip to the use of the public as a highway, and the trustees could not legally interfere in exercising authority over the streets and roads of tffe village. ’ The referee omitted to find the fact -whether -there had been, a dedication of the easement to the public, or not, -but found facts tending to show a design or intention, by' the owners of the land, before they sold it. to the plaintiff, to dedicate the strip to the use of the public as a street or avenue, and that the.public, to some extent, had used it. He assumed the intention to dedicate, and acceptance by the public, to have been sufficiently shown to preclude the plaintiff from asserting any.right inconsistent with the public use, provided it could become a highway; but proceeded to determine the "action in favor of the plaintiff, .on the single ground that the strip of land in question was a mere
 
 cul de sac,
 
 that could not be made ■ a highway entitling the public to the .right of free and indis- " criminate passage, So, that though the former owners may have intended to -make a dedication to the public of the strip" opened and fenced, for a highway, it did not become such, and the owner could resume the possession.
 

 It is incumbent on the defendants before they can exert any authority over", or interfere with, the plaintiff’s land, to establish the fact that the public have acquired some interest or easement in, or -right to use and occupy it. This right may be acquired by grant, prescription or actual dedication, made by the owner of the land and accepted by the public. In this case no right is claimed by grant or prescription, but the allegation is, that there was an actual dedication, irrevocable in its nature, and character, by the former owners, precluding the plaintiff from reclaiming the land, and devoting the same, for all time, to the public servitude. If this be so, there may be ground.for the defendants’ interference; but unless the facts make out.a case of actual dedication, under" circumstances "concluding the owner from any subsequent resumption of his land, they must fail.
 

 
 *477
 
 The question, then, primarily arises,, as to what was done. by the owner and the public to dedicate and devote the land of the former to the public use -as a highway ?. All that the owners of the land appear to have done was to open and fence the strip, some two years before the'plaintiff assumed to close it, with the intention, as the referee has found, of dedicating the same to the use of the public-; and by themselves, or their agent in charge of the property, to consent and direct that it be mapped and designated as a highway upon a map of the Village made and published by one John Bévan. Who this Surveyor and rnappist was, is not shown in the case. The proposed avenue did not cross or extend to any highway or street, but entering the plaintiff’s" land on the south from Northern avenue, terminated on his land, or at the division line between the plaintiff and the inclosure of George P. Morris'. Whilst open, the referee has found that “ it was used by the public by walking' and driving upon the same, aitd by going up to the inclosuré of George P. Morris, and returning over and by the same.’* It is apparent that it was not susceptible of use as a thoroughfare, but all the common use to which it could have been devoted, was to walk or drive to and from the inclosure of Mortis. These are all the.facts and circumstances bearing On the question of actual dedication, and they appear to me to fall short of entitling the public to assert an irrevocable right of Way over the land. The acts of the owner, and the public, are too equivocal and indecisive, to fix a perpetual public burden upon the property of such owner. Undoubtedly the Owner of land may dedicate, or set apart a street or highway through' it to the public Use, and if the dedication be accepted, it will- Work- an estoppel
 
 in pais,
 
 precluding the owner from asserting any right inconsistent with such use. . The dedication and acceptance are to be proved or disproved by the acts of the owner, and the circumstances under which the land has been used. Both are questions of intention. The owner’s acts and declarations should be deliberate, rinequivocal and decisive, manifesting a positive and Unmistakable intention to permanently abandon his property to the specific public use, If they
 
 *478
 
 be equivocal, or do not clearly and plainly indicate the intention to permanently abandon the property to the use of the public, they are insufficient to establish a case of dedication. In the case of a highway, the public must accept the dedication, and before it is accepted the owner is not precluded from revoking it. It is not necessary that there should be any formal act of acceptance by the public authorities, but it may be indicated by common user, under circumstances showing a clear intent to accept and enjoy, as such, the easement proposed to be dedicated. Throwing open land in a village, and fencing it on each side; and causing the way or avenue to be designated as public on a map of the village, are acts tending strongly to show a design, presently, or at some future period, to dedicate and devote it to the public use. But these acts are not conclusive to establish a present dedication binding on the owner of the land. One may fence off a strip of his own land, for the purpose of a passage way, opening on a public street, or he may lay out a street through it, with the view of subdividing his land bounded upon it into village lots, intending, upon the sale of such lots, to dedicate the street to the use of the public, but in such cases, though the public may have occásionally, or, indeed, at all times, used the open way in passing to and from the inclosure of an adjoining proprietor, it could scarcely be - pretended that the land had thereby become burdened with an irrevocable public servitude. That the Go'uverneur heirs, in this case,, did not intend that there should be an immediate, present dedication of the strip of land opened and fenced to' the use of the public as a highway, seems plain from the nature of their acts, and the attending circumstances. It was not susceptible of use as a thoroughfare, or for any purpose, other than to pass to and frbm the premises of Morris, or to get on to the lands of the plaintiff. It is not claimed that the dedication was of a public walk, or, indeed, of anything but a public street or highway. The circumstances tend to show that the avenue was opened to invite purchasers of village lots, located on each side of it; the owners of the land contemplating and intending, doubtless, after disposing of lots for building pur
 
 *479
 
 "poses, to throw open, such street or avenue to the public use. Such an intention is, indeed, quite as deducible from the acts-of the owners, as found by the referee, and the surrounding circumstances, as that they intended to set apart their land to the use of the public to go to and from the inclosure of Morris.
 

 Nor can I well see how the common use of this
 
 cul de sac,
 
 to reach the plaintiff’s lands, or the inclosure of Morris, can sufficiently indicate the acceptance of the dedication of a highway. To complete the dedication of a highway, if there be. no formal act of acceptance by the public authorities, the acceptance should be made out.by common user, as a highway, of the land dedicated. If the way attempted to be dedicated, is not susceptible of public use or pássage, and cannot become a highway, it is difficult to perceive how a mere user, by the public, can- be any evidence of acceptance. The presumption would rather be that the use of the
 
 cul de sac
 
 was by the license and permission of the owner, and not under claim of right.
 

 The referee did not find the fact of dedication; and the facts that are specifically found do not, in my judgment, show that the public acquired a right to the use of the land, as a street or highway, by dedication of the former or present owner. Assuming, however, that enough was done by the owners to constitute a present dedication of the land, I think they still had a right to revoke it. The law of dedication is somewhat anomalous; but it may be said to rest, in part at least, upon the doctrine of estoppel
 
 in pais.
 
 Though the owner of land in a city or village may evince, by his acts, an intention to dedicate a street, or square, or other plat of ground, to the public use, no sufficient or valid reason can be assigned against a change of purpose and a subsequent resumption of the possession, unless the public accommodation and private rights are to be materially affected by an interruption of the enjoyment
 
 (Cincinnati
 
 v.
 
 White,
 
 6 Peters, 431;
 
 Haynes
 
 v.
 
 Thomas,
 
 7 Ind. R., 38.) If, however, private rights have been acquired with reference to such dedication, and such an interest secured, with
 
 *480
 
 the assent and concurrence of the' owner, as would render it fraudulent in him to resume his rights, the dedication becomes irrevocable; As in the present case, if the owner of the land had opened the way in question, with the intention to dedicate it to public use as a street, and building lots had been sold and built upon, bounded on it, with the understanding on the part of the purchasers that -the land Was permanently devoted' to public Use; or, perhaps, if the public accommodation were to be seriously impaired or affected by an interruption of the use . or enjoyment of the subject of the dedication, the owner would be precluded from reclaiming his land.. But where nothing has been done but to open a street or way upon the owner’s land-, connecting with a public street of a village and terminat'ing upon such land, and no private rights have been acquired, and the circumstances do not manifest a clear and decided purpose of permanently abandoning the property to the public use, though the public may have enjoyed free and indiscriminate passage over it, to and from the premises of an adjoining proprietor, such' land is not thereby charged with a perpetual public burden. On no legal principle, or any rule of reason or conscience, has he lost his right of revocation. '
 

 I am of the opinion, therefore, that the Cáse made showed . •no complete and irrevocable dedication of the strip running ■through the plaintiff’s lands to. the public use as a street or highwáy, or for any other purpose authorizing the defendants to interpose as a municipal corporation, or in their character of commissioners of highways. Entertaining this view, I have not thought it-necessary to examine particularly the ground .on which the affirmance of the Supreme Court was based. I may remark, however, that if such a way as- the one in question could not be made á highway by the -action of the public authorities and it is essential to a public right or a public use of a way that it should be a thoroughfare, it is clear to my mind that it could not become a highway by dedication. I do not think that it could be made a highway by the legal action of the public authorities under our statutes, and I have always supposed that there could not be a public highway which-termi
 
 *481
 
 notes upon a private close and is not a thoroughfare. ' This being so, the purpose of the owners of the strip of laud, in making the dedication (conceding it to have been made), failed. The referee finds that it was opened and fenced with the intention of dedicating the same to the use of the public as a highway. This could not be done. The intention of the party making the gift could not be legally effectuated. It did not become a highway, and the owner could rightfully resume the possession.
 

 The judgment of the Supreme Court should be affirmed.
 

 All the judges concurred; Seldeií, J., with a protest against any implication that a dedication can take effect without some public body
 
 to
 
 take, or without an acceptance to be proved by user or otherwise.
 

 Judgment affirmed.