E. A. MATHIS, Administrator, & others *vs*. ISHAM W. PARHAM & others.

October Term, 1873.

DEDICATION OF STREET TO THE PUBLIC.—To constitute a dedication of a street or way to the public, so as to preclude a revocation by the owner, there must be acceptance of the easement, either by formal act of the public authorities, or by common use of the public.

*Ed. Baxter*, for complainant.

*R. O. Morris*, for defendant.

THE CHANCELLOR :—This is a bill to enforce the vendor's lien for unpaid purchase-money due upon two adjoining lots, sold by complainant's intestate to the defendant, Parham, on the 27th of December, 1859, and in January, 1860, respectively. These lots lie on the southwest corner of McClure and Cross streets in the town of Goodlettsville. The defense, set up by answer filed also as a cross-bill, is, that the defendant had been induced to make these purchases by the representations of the intestate that he would open Cross street through from Lick street on the south to High street on the north, McClure street lying midway between, and running parallel to the two terminal streets named. The answer and cross-bill further state that the intestate was the owner of a considerable body of land in and near Goodlettsville embracing said Cross street from Lick to High, and had made a plan of lots in which Cross street was laid out as a street between the two streets named, and caused the plan to be printed and published in the form of a hand-bill bearing date the 1st day of May, 1859, and had sold lots in said plan, and given deeds and title bonds therefor calling for said street. That, at the time of the defendant's purchases, Cross street in the direction of Lick street was closed by a gate, which the intestate then promised to remove, and fully open said street, instead of which he erected a fence in place of the gate. That he also afterwards sold the ground north of McClure street, on which said Cross street was laid out, nearly all the way to High street, to Cummings

and Burnham, and perhaps others, who had closed said street. The defendant insists that he has been damaged by the closing of said street, and he asks to set off his damages against the recovery of complainant for unpaid purchase-money.

The defense, it will be seen, may be divided, as it was in the argument, into two branches:

1st. The rights of the defendant growing out of the alleged representations of the intestate to the defendant that he would open Cross street from Lick to High.

2d. The rights of the defendant acquired by reason of the published plan of the lots of the 1st of May, 1859, and the alleged sales made in accordance therewith.

The only evidence upon the first of these branches of defense is the testimony of the defendant himself. But, by our statute, which does away with the objection to the competency of a witness because he is a party to or interested in the issue, neither party is allowed to testify against the other, in actions by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, as to any transaction with, or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court. Act of 1869, 19, 2. Thompson & Steger's Rev., § 3813 d. This branch of the defense, therefore, necessarily fails for want of proof.

The original complainants, in their answer to the cross-bill, admit the publication by the intestate of the plan of the 1st of May, 1859, and file a copy thereof. The cross-bill, it will be recollected, admits that Cross street was at the time of the defendant's purchases closed by a gate, and all the evidence concurs in showing that Cross street never was opened south further than the south line of defendant's lots, on which line the gate was. The equity of the bill, therefore, upon its own averments, rests, so far as the southern extension of Cross street to Lick street is concerned, upon the alleged representations of the intestate, and the

publication of the plan and sales under it.   There being no
competent evidence of the representations, nothing is left
but the plan and the sales.   But the plan itself shows that
it was confined to the lands *north* of McClure street, and
there is no proof of any sale and conveyance, after the 1st
of May, 1859, calling for Cross street south of McClure
street.   The defense, therefore, so far as it relates to the
extension of Cross street south, and rests on the plan and
sales, fails also.   And, as the defendant's lots lie on the south
side of McClure street, by which there is easy access to the
turnpike, the damage by the failure to open Cross street to
the north could not amount to much.

But, in producing the plan of the 1st of May, 1859, the
answer to the cross-bill says, that no sales were made in ac-
cordance with it, for the simple reason that, after every
effort, public and private, no purchasers of the proposed lots
could be found, and the scheme, which was only on paper,
fell through and was abandoned.   In this the answer is fully
sustained by the proof.   No sale was made after the date of
the plan until the 12th of May, 1865, when a sale was made
to Burnham covering Cross street, north of McClure, where
it had never been opened.   The proof, too, is clear that the
defendant had no particular interest in the extension of Cross
street northward, for it would have run over rough ground
and only extended to an imaginary street never opened and
lying on the lands of third persons.   The defendant's testi-
mony, moreover, is all directed to the supposed extension of
Cross street south.   Confining ourselves to the *allegata* of
the cross-bill and to the defendant's own proof, this branch
of the defense also fails.

The argument for the defendant went, however, beyond
the allegations of his cross-bill, and outside of his own
proof, and sought to rest upon a dedication of Cross street
to the public, through the whole distance claimed, *prior* to
the 1st of May, 1859.   Upon this point, the record does
show that the intestate, owning the land mentioned, as early
as 1855, and to 1859, sold portions thereof upon the idea,

or plan, of opening Cross street, a projected street parallel to the turnpike and main street of Goodlettsville, from Lick street, a street at right angles to the turnpike and open, to High street, an imaginary street never in fact opened, and lying altogether on the lands of another person. Sales were made prior to the 1st of May, 1859, on this plan, the deeds calling, when bordering upon the proposed line of Cross street, for that street, and the street was opened, to the extent of the lots thus sold, north and south of McClure street, but no further. The ground over which the street was proposed to be run beyond these limits, was then, and has always continued under fence, and partly in cultivation. The plan of the 1st of May, 1859, was intended to carry out the original design *north* of McClure street, but the effort to sell failed. The street never was in fact opened further than the previous sales northwardly, nor was any sale ever made on the faith of the plan after its publication. There never was any published plan, so far as the proof shows, of the lands south of McClure street, and extending Cross street through them. The defense, therefore, even if we go outside of the defendant's pleading and proof, is not sustained by the facts.

The law in this class of cases is well settled. The mere laying out of land into streets and lots upon a general plat, and the sale of some of these lots is not a dedication to the public of other portions of the land on which no lots were sold. *United States* v. *Chicago*, 7 How. U. S. 185; *Irwin* v. *Dixion*, 9 How. U. S. 31. To preclude the owner of land from revoking the dedication of a street, however decisively his intention to dedicate be manifested, there must be an acceptance, either by formal act of the public authorities, or by common use, showing a clear intent to accept and enjoy the easement for the specific purpose of the proposed dedication. *Holdane* v. *Trustees*, 21 N. Y. 474; *Cincinnati* v. *White*, 6 Pet. 439. And a reference to a street or way as a boundary of land granted does not amount to an implied covenant that it did or would exist as such street or way. 2 Wash. Real Prop. 722; 4 Allen, 206; 1 Penn. St. 135.

The complainant is entitled to the relief prayed, and the cross-bill must be dismissed with costs.