## BURROWS v. WEBSTER.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. DEDICATION—MAPS—LINE OF STREET.
   A map on file in the county clerk's office, describing a street as 26 feet wider than it was ever laid out, opened, or used, without evidence that it was made for the owners of the land and of an acceptance of the dedication, is not admissible in ejectment to establish the line of the street.

2. SAME—REFERENCE IN DEEDS.
   Nor are deeds, to which neither plaintiff nor defendant was party or privy, referring to such map, admissible.

Appeal from judgment on report of referee.

Ejectment by David E. Burrows against Henry Webster. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

J. H. Waring, for appellant.

J. W. Corbin, for respondent.

DWIGHT, P. J. The action was ejectment for a strip of land 75 feet long and 13 feet wide, lying adjacent to the boundary line between the lots of the two parties in the village of Olean. The controversy is whether it lies on the one side or the other of that line. Both parties took their deeds from the same grantors,—the plaintiff in 1886, and the defendant in 1887. By the description in the plaintiff's deed the east line of his lot is in the west line of Union street, and his lot extends to the west therefrom, 125 feet, and is 75 feet wide. The description in the defendant's deed makes no reference to the plaintiff's lot, but evidence aliunde shows that the defendant's lot adjoins the plaintiff's on the west, and extends thence west to a fixed boundary; and it is described in the deed as 50 feet in width from east to west. Union street is the principal street in the village. It was laid out, opened, and fenced, at least in part, on the west side, before 1834, and its west line as then practically located has continued to be its actual and ostensible west line until this time; but there is on file in the clerk's office of Cattaraugus county a map of a portion of the village of Olean, which purports to have been made in 1836 by one T. J. Gooseline, civil engineer, which gives to Union street a width 26 feet greater than that of the street actually laid out, opened, and in use at that time and ever since. This additional width seems to have been disposed in equal parts on the two sides of the street, so that the map indicated a west line for the street 13 feet further west than the actual west line; and the contention of the plaintiff which gives rise to the controversy in this action is that the line so indicated is the east line of his lot. This would carry his west line 138 feet from the actual line of the street, and 13 feet onto the lot conveyed to the defendant by the common grantors; would reduce the width of the defendant's lot from 50 to 37 feet, and would entitle the plaintiff to the judgment from which this appeal is taken. But we find no reasonable foundation in the case for such a contention. There is no evidence that Gooseline made the map for the owners, at the time, of the property de-

lineated therein. If it was so made, it established no lines by dedication to the public use until such dedication was accepted by the public, which was never done. Badeau v. Mead, 14 Barb. 329–340; Fonda v. Borst, *41 N. Y. 48; Holdane v. Trustees, 21 N. Y. 474. The proposed west line of the street laid down on the Gooseline map, therefore, was never the west line of Union street; and there was never any other west line except the line which bounded on the west the street actually laid out and used for more than 50 years. There were received in evidence on the trial several deeds, to which neither of the parties hereto was either party or privy, in which reference is made, in various connections, to the Gooseline map. We think the defendant's objection to the evidence was well taken, and should have been sustained. But, being in evidence, the deeds establish nothing against the defendant or in favor of the plaintiff. There was no reference in his deed to the Gooseline map, nor is there anything in the case to rebut the presumption that the deed to the plaintiff was made upon actual view of the premises conveyed, and with reference to the line and monuments then actually and ostensibly present. Van Wyck v. Wright, 18 Wend. 157, 165; Wendell v. People, 8 Wend. 183, 190; Raynor v. Timerson, 46 Barb. 518, 524; Bank v. Nichols, 64 N. Y. 65, 71. There can be no doubt, we think, that the reference in the plaintiff's deed to the west line of Union street was to the west line of the street as it stood, and had stood for 50 years; that such actual and ostensible west line was by such reference made a monument, which fixed the east line of the lot granted to the plaintiff, and by consequence determines the location of his west line on the east side of the strip of land in question. The judgment should be reversed.

Judgment appealed from reversed, and a new trial granted, with costs to abide the event. All concur.