(6 App. Div. 102.)

ECKERSON et al. v. VILLAGE OF HAVERSTRAW et al.

(Supreme Court, Appellate Division, Second Department. June 2, 1896.)

1. DEDICATION—CHANGE OF PLAN BEFORE ACCEPTANCE.
   One who dedicates land for public streets by platting it into lots and streets, and filing map thereof, does not, by acts showing revocation of dedication before acceptance as to some of the streets, revoke the entire original dedication.

2. TRESPASS—PARTIES—JOINT TENANTS.
   In an action for trespass to land owned jointly, all the joint tenants are necessary parties.

Appeal from special term, Rockland county.

Action by J. Esler Eckerson and others against the village of Haverstraw and others to restrain defendants from depositing materials on a certain strip of land in the village of Haverstraw, and from traveling over or otherwise interfering with the same, and for damages for certain alleged trespasses thereon. The com-

plaint was dismissed on the merits, and plaintiffs appeal. Affirmed.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

Louis Marshall, for appellants.
William McCauley, for respondents.

BARTLETT, J. The subject-matter of the controversy in this action is a strip of land in the village of Haverstraw, known as "Rockland Street." The plaintiffs claim to be the owners of this strip. The defendants insist that it is a public highway, and have treated it as such, depositing material upon it for the purpose of filling it in at some points. The plaintiffs, alleging that such interference constitutes an invasion of their property rights, have brought this suit to restrain the village and its authorities from committing any further trespass of the same character. In 1836 a considerable portion of what is now the village of Haverstraw was included in the Allison farm, then belonging to Michael Allison, George S. Allison, and Epenetus Wheeler, from whom the plaintiffs claim title. In that year they caused to be made a map of the farm, which was filed in the office of the county clerk of Rockland county on December 19, 1839, dividing the property into numerous lettered blocks and numbered lots, and separating the blocks by many streets and cross streets, among which we find Rockland street indicated as running from North street, on the extreme south, across Broad, Division, Clinton, Jefferson, and Washington streets, into Warren avenue on the north. The trial court found that, by thus locating the blocks and streets and filing the map showing such location, the owners intended to dedicate, and did dedicate, to the public, for use as highways, the several strips of land which were delineated on the map as streets; that, shortly after the map was filed, the public commenced to use Rockland street and travel over it as a public highway, and have continued to do so ever since, except as to a portion not exceeding 60 feet in length, which has been disused for upwards of six years; and that Rockland street has been accepted and worked by the public authorities as a public highway, and, with the exception of the 60 feet already mentioned, is and was a public highway at the time of the commencement of this action.

There is abundant evidence to sustain the conclusion that Rockland street had long since become a highway by dedication and acceptance. It was dedicated by the owners to the use of the public —First, by making and filing the map of the subdivided Allison farm, on which it was laid out and indicated by name; secondly, by throwing it open for public travel; and, thirdly, by constructing fences, or allowing fences to be constructed and maintained, along its sides as thus laid out. "Throwing open land in a village, and fencing it on each side, and causing the way or avenue to be designated as public on a map of the village, are acts tending strongly to show a design, presently or at some future period, to

dedicate and devote it to the public use." Holdane v. Trustees, 21 N. Y. 474, 478. That the dedication was accepted sufficiently appears from the general use of Rockland street by the public for highway purposes during a period far exceeding 20 years, and from the frequent working of the street by the public authorities. In Holdane v. Trustees, supra, it was said that, if there be no formal act of acceptance by the public authorities, acceptance should be made out by common user, as a highway, of the land dedicated. That was done here, and, in addition, the village officers showed that the road had been often repaired at their instance and expense; thus establishing more than enough to constitute the strip a public highway, under the authority of Speir v. Town of Utrecht, 121 N. Y. 430, 24 N. E. 692. We cannot agree with the appellants that the work done on the street by the persons in the general employment of the village was of no significance; nor is the case like that of Trustees v. Otis, 37 Barb. 50, where it was held that certain work performed by a pathmaster was done without the authority of the village. In the present case the agency of those who made repairs upon Rockland street is not only recognized, but asserted, by the village of Haverstraw. No doubt, a dedication of lands to the use of the public as a highway can be revoked, where there has been no acceptance, and no public or private injury will result from the revocation. Holdane v. Trustees, above cited. But there was no such timely or effective revocation here.

It is argued that there was nothing done by the public authorities looking to the acceptance or working of any streets shown on the map near the strip in controversy until long after the conveyance to the plaintiffs' ancestors, and that the owners of the Allison farm abandoned the scheme evidenced by the map, as is shown by the fact that they dug away many of the streets delineated upon it, and used the clay and sand for brickmaking purposes. A change of plan, however, as to part of the mapped area, if such can be inferred, did not necessarily involve a change of plan as to all; and the proof of the opening, fencing, and long-continued use of Rockland street negatives the idea that the predecessors of the plaintiffs in title thus manifested any intention of revoking the original dedication. Assuming that a revocation was attempted by means of the notice given by Mr. J. Esler Eckerson to the presidents of the village, beginning in the year 1882, the right to revoke had then been lost, because the dedication had already been perfected by a user of more than 20 years, and the frequent working of the street by the village authorities.

The learned trial judge based his decision in favor of the defendants not only upon the fact that Rockland street was a highway, but also on the ground that certain co-tenants of the plaintiffs in the ownership of the fee, who were necessary parties, had not been made such. Tenants in common must join in actions to recover damages for trespass on lands. De Puy v. Strong, 37 N. Y. 372. The proof of plaintiffs' title showed that the heirs of two of the original owners of the Allison farm were their co-tenants in the land lying in the street; and, as they had not been made par-

ties, the defect was properly held to be fatal. There is no distinction in this respect between an action at law to recover damages and a suit in equity to restrain a trespass.

The judgment should be affirmed, with costs. All concur.