In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Opening and Extending of Sixty-fourth Street from New Utrecht Avenue to West Street, etc., and of Sixty-fifth Street from New Utrecht Avenue to Eighteenth Avenue, etc.

THE CITY OF NEW YORK, Respondent; ARTHUR LYMAN and ROBERT T. PAYNE, 2ND, Appellants.

Second Department, May 24, 1918.

Municipal corporations — street opening, city of New York — owners of bed of proposed street and abutting lands entitled to substantial award — evidence not establishing public or private easements — effect of filing map of street — previous existence of sidewalks, water mains, etc., does not establish public easement.

On the opening of a street in the city of New York persons who own both the bed of the proposed street and the lands abutting thereon are entitled to a substantial award, if their lands are free from private easements or public user.

Evidence on a street opening proceeding examined, and *held*, insufficient to enable the court to determine that there were any private easements in the proposed street or any rights acquired by prescription, and that the proceeding should be remitted to the commissioners for a further hearing.

The mere filing of the map of the proposed street creates no property in the city of New York.

The mere fact that sidewalks, telephone poles, water mains and gas lights may already exist on the street which the city proposes to open, does not, in the absence of further evidence, show an intention of the owners to relinquish to the city or to the public any right to use or appropriate the lands.

*It seems,* that the question would take a different aspect if it should appear that such work was done by or under the supervision of the city after entry on the land for the purpose of making a public street.

Appeal by the defendants, Arthur Lyman and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 25th day of July, 1917, confirming the report of commissioners of estimate herein.

*Benjamin Trapnell,* for the appellants.

*Patrick S. MacDwyer* [*William P. Burr, Corporation Counsel,* and *Joseph A. Solovei* with him on the brief], for the respondent.

Thomas, J.:

The proceeding was to open Sixty-fourth street between Seventeenth and Eighteenth avenues. The appellants owned not only the bed of the proposed street, but all the abutting land. The awards are satisfactory except for parcels 31–42, for which the award of three hundred and six dollars and eighty-six cents has been made, which is on the basis of one dollar per lineal foot, or twenty dollars for each of the damage parcels 31 to 41, and eighty-five dollars and ninety-five cents for parcel No. 42. Parcel 42 abuts on Eighteenth avenue and has a value on that account, but parcels 31 to 41 are interior lots. If the appellants have the qualified title in such lots, free from private easements or the public user, there should be a substantial award. There is a house on the corner of Eighteenth avenue and Sixty-fourth street and eleven one-family brick houses west thereof on land abutting the damage parcels 31 to 42. The south side of Sixty-fourth street has for 305 feet the appearance of an

open street containing a sidewalk, water main, gas lights and telephone poles. There is no evidence that there are any private easements in the street. Indeed, so far as appears, the appellants own not only the proposed roadbed but the abutting lots and the houses thereon. Indeed, the counsel for the city stated: " As far as the commissioners are concerned, the houses there are built on the southerly side of Sixty-fourth street, off Eighteenth avenue and are built on your land. Mr. Doran: Not particularly — Mr. Jones: Your deed shows that the strip on the southerly side abutting on that street is in your possession, is that right? Mr. Doran: I do not know. Mr. Jones: The deed shows it. Mr. Doran: I do say it used to cover that, way up here (indicating), before we sold that piece. It is conceded we have parted with title to that little piece? Mr. Jones: I do not concede anything. You are trying to admit something that is in your favor." The counsel for the parties have, with much painstaking, precluded the commissioners as well as the court from knowing who owned the abutting land, although there are suggestions in the discussions of ownership in third parties. There is, therefore, no opportunity to find that any person has a private easement in the street. Although the street has some of the physical indications of a public street, there is no evidence that any right has been obtained by prescription. However, the decision seems to be based on the appearance of the street, and the fact that there is a space corresponding to that laid down on the map of the city, and the proffered proposition is that the map expressed the intention to appropriate the place for a street, and that the owners have done something to meet the intention and provision of the city as expressed on the map; that is, there has been a dedication to a prior acceptance. The commissioners made the map as the agents of the city, and thereby pre-empted the land for public purposes so far only that no other public purpose could interrupt it, unless preference were given to it by the Legislature. But the filing of the map creates no property in the city. (*Matter of City of New York* [*Avenue D*], 200 N. Y. 536.) Hence, whatever rights the owners had before the map was filed, they still have, unless in some way the filing of the map has been followed by

something that shows a dedication in accordance with the map and intention to surrender the street for public use. I do not regard the sidewalks, or telephone poles, or water mains, or gas lights, as indication of such intention to relinquish to the city or to the public the right of the owners to use or appropriate the land to their own private purposes. I do not undertake to say whether the question would have a different aspect if it should appear that this work was done by or under the supervision of the city after entry on the land for the purpose of making a public street. It was quite within the opportunity of the parties to inform the court as to such matters, and if the information is a factor in the decision the court should not have been left to doubt or speculation. The respondent argues as if there were something like an estoppel *in pais* available to the city, but I cannot discover that the city has done other than to file a map. In *People* v. *Underhill* (144 N. Y. 316) there were as many or more elements of the establishment of a public street by dedication and acceptance than appear in the case at bar, and yet it was held that the things done by the city did not amount to an acceptance. In the opinion it is said: " As was said in the case of *Niagara Falls Susp. Bridge Co.* v. *Bachman* (66 N. Y. 261, at 269), ' to constitute a public highway by dedication there must not only be an absolute dedication, a setting apart and a surrender to the public use of the land by the proprietors, but there must be an acceptance and a formal opening by the proper authorities, or a user.' In *Holdane* v. *The Village of Cold Spring* (21 N. Y. 474) the same doctrine is announced, and it is there said that an acceptance of the dedication, either by user or by formal act of the public authorities, must be shown before a dedication becomes complete." In *Matter of Wallace Avenue* (222 N. Y. 139) the court was advised that a public service company had laid gas mains in a street, and that a sewer had been laid subject to the requirements of the municipality; that the proper public official had installed and maintained a street lamp; that the president of the borough had caused a sidewalk to be constructed and a signpost to be placed bearing the name of the street; that for ten years people in vehicles and pedestrians had used the street as a thoroughfare to and from houses

fronting thereon, and that the roadway was in proper condition for travel. The street was not shown on the city map. And yet it was decided that there was no acceptance. But I do not pursue the subject. It is not the province of the court to state that if facts be assumed the decision should be one way, or that other states of fact would demand other decision varying with the facts. It is for the parties to furnish facts that do not put the court to vague and differing inferences. The proceeding should be remitted to the commissioners for further hearing, and the parties are advised to furnish evidence that will reveal the true history of the property and the street as it appears. As the record now stands, the appellants have unqualified ownership of the land taken and abutting land, and are entitled to more substantial damages than have been awarded them. There should be no costs or disbursements of the appeal.

The order in so far as appealed from should be reversed and proceeding remitted to the commissioners for further hearing, without costs.

JENKS, P. J., MILLS, PUTNAM and KELLY, JJ., concurred.

Order in so far as appealed from reversed and proceeding remitted to the commissioners for further hearing, without costs.