JULIA GOLDRICH et al., on Behalf of Themselves and All Other Residents and Property Owners in the Town of Hempstead, Nassau County, Similarly Situated, Appellants, v. FRANKLIN GARDENS CORP., Respondent, et al., Defendants.— In 1926, Frocan Holding Corporation filed a map subdividing its property in Hewlett, town of Hempstead, Nassau County, into ninety-nine lots, and laid out thereon two streets, Midgely Drive, running about 900 feet east and west (its easterly terminus a dead end, its westerly terminus at then Franklin Avenue, now East Broadway), and Frocan Court, running about 200 feet north and south (its northerly terminus a dead end at the property line of Frocan Holding Corporation, its southerly terminus at Midgely Drive, about 250 feet east of then Franklin Avenue, now East Broadway). Through mesne conveyances, plaintiffs are the owners of twelve of the approximately thirty one-family houses built on both sides of both streets. Respondent Franklin Gardens Corporation is the owner of a three and a half acre plot to the north of what was at one time the property of Frocan Holding Corporation. In 1951 respondent built on its property twelve apartment houses with a total of 110 apartments, and four garages with a capacity of about eighty-five automobiles. However, although respondent has a frontage of about 150 feet on East Broadway (a public street), it did not provide vehicular access for its garages and houses through that street, but only through Midgely Drive and Frocan Court. In this action to restrain the use of Frocan Court for ingress and egress, plaintiffs appeal from a judgment dismissing their complaint after trial, entered on the finding by Special Term that respondent had both a private and a public easement in Frocan Court. Judgment reversed on the law and the facts and new trial granted, with costs to appellants to abide the event. Respondent did not have a private easement on Frocan Court. While a fifty-two-foot strip of its property is adjacent to the northerly dead end of Frocan Court, respondent is not an abutting owner on Frocan Court. It has a frontage on another existing public street. (*Matter of City of New York [Varian Ave.]*, 242 App. Div. 378; *Matter of City of New York [E. 177th St.]*, 239 N. Y. 119, 131.) Nor does the proof show that the dedication of Frocan Court as a public street was ever accepted, either by formal action on the part of the town authorities (Town Law, § 278) or by way of user (Highway Law, § 189). Failure to record these streets as highways in use for twenty years in the office of the town clerk, as required by subdivision 8 of section 140 of the Highway Law, creates a presumption, in the absence of explanation, that the facts required to be recorded never existed and such presumption is sufficient proof of their nonexistence until it is overcome. (*Harriman* v. *Howe*, 78 Hun 280, affd. 155 N. Y. 683.) Evidence of acceptance by user must show not merely travel on the road for twenty years or more, but also that the public authorities for twenty years kept the road in

repair or that it was taken in charge and adopted by the authorities. (*Speir* v. *Town of New Utrecht,* 121 N. Y. 420, 429–430; *People* v. *Sutherland,* 252 N. Y. 86.) Acceptance by the municipal authorities is not shown by (1) evidence of isolated acts of repair (*Johnson* v. *City of Niagara Falls,* 230 N. Y. 77); (2) irregular plowing of snow (*La France* v. *Town of Altamont,* 277 App. Div. 917); (3) removal of the streets from assessment for tax purposes (*Johnson* v. *City of Niagara Falls, supra*); (4) policing the area (*People* v. *Brooklyn & Queens Tr. Corp.,* 273 N. Y. 394; *Matter of Wallace Ave.,* 222 N. Y. 139); (5) laying of storm drains within the past year (*People* v. *Underhill,* 144 N. Y. 316, 324–325; *Matter of Wallace Ave., supra; People* v. *Sutherland, supra*). A new trial is granted in order to give respondent the opportunity of sustaining its burden of proof that the dedication was accepted on the part of the town authorities by means of official town records, or such other proof as may be available. The court should direct that Alice J. Springer be brought in as a party defendant and should consider the advisability of joining the Town of Hempstead as a defendant. Nolan, P. J., Carswell, Wenzel, Schmidt and Beldock, JJ., concur.