■ RUDOLPH J. DE HAAN et al., Appellants, v. BROAD HOLLOW ESTATES, INC., et al., Respondents.— The action is for a judgment declaring a certain road to be a public highway, restraining respondent Broad Hollow Estates, Inc., from taking material from the bed of the road, requiring the other respondents, namely, the Town of Huntington and the superintendent of highways of the said town, to take measures to insure the continuance of the road as a public highway, and awarding pecuniary damages against Broad Hollow. The appeal is from so much of a judgment, entered after trial before an Official Referee, as dismisses the complaint. Judgment insofar as appealed from reversed on the law and the facts, with costs, and action remitted to the learned Official Referee for further proceedings not inconsistent with the views hereinafter set forth. Adverse use by the public of a road continuously for a period of 20 years or more may render the road a public highway on the theory of prescription (*City of Cohoes* v. *President, Managers & Co. of Delaware & Hudson Canal Co.*, 134 N. Y. 397; *Holdane* v. *Trustees of Village of Cold Spring*, 21 N. Y. 474, 476; *Harriman* v. *Howe*, 78 Hun 280, affd. 155 N. Y. 683). A road may also become a public highway after use by the public for a length of time, on the theory of dedication and implied acceptance (*City of Cohoes* v. *President, Managers & Co. of Delaware & Hudson Canal Co., supra; Speir* v. *Town of New Utrecht*, 121 N. Y. 420; *Holdane* v. *Trustees of Village of Cold Spring, supra; Cook* v. *Harris*, 61 N. Y. 448; *Gould* v. *Glass*, 19 Barb. 179, 195); the length of user required on this theory has been fixed by statute as "twenty years or more" (Highway Law, § 189; see *James* v. *Sammis*, 132 N. Y. 239, 247; *Goldrich* v. *Franklin Gardens Corp.*, 282 App. Div. 698; *Goldrich* v. *Franklin Gardens Corp.*, 2 A D 2d 752, affd. 2 N Y 2d 906.) However, naked user by the public, whether the theory be dedication or prescription, is not enough. It must also appear that the road was kept in repair or taken in charge and adopted by the public authorities during the period of time in question (*Speir* v. *Town of New Utrecht, supra; Harriman* v. *Howe, supra; Goldrich* v. *Franklin Gardens Corp., supra*). The proof was ample that the road was in fact used by the public for many years in excess of 20 and, as a matter of fact, there was no dispute as to this element of the case. As to whether the road had been kept in repair or taken in charge and adopted by the respondent town for the period of time in question, unrefuted testimony was given by a former employee of the highway department of the town, one Schneider, that during the 20 years up to the year 1936 the town regularly honed the road, in which operation about five men, four horses and apparatus were employed, and that overhanging brush was cut at the same time; that it filled holes and ruts from time to time several times each year, which operation also involved men, a horse and equipment; that it removed snow in wintertime; that it took care of fallen trees, and that at one time it oiled the most easterly half-mile of the road. Thereafter, from 1936 to 1944, this witness was foreman in the department, and his further unrefuted testimony was that he, as foreman, beginning in 1936, had the road

honed, which was a regular practice of the highway department for all small roads in the town, including this one, and that it was departmental practice for him to determine which roads to work. Appellant Florence De Haan was also permitted to testify that the road was maintained for 22 years up to the time of the trial. The three former superintendents of highways of the town who successively held office through 1937 to 1954 admitted that road maintenance work was done by the town regularly without directions from the superintendents, and the superintendent who has held the office since the beginning of 1954 did not deny that fact. Moreover, one of the former superintendents also testified that foremen of the department knew more about the highways than the superintendents did, and still another of the former superintendents accredited the former employee, Schneider, one of these foremen, as one who "should know" about the work that was done. In addition, the evidence was that the work of the highway department was governed by a certain map of the town located in the office of the department which delineated the town roads, and that the road involved in this case was indicated thereon as one of the "Town Roads by Usage". This particular map had been in use for about 10 to 12 years prior to the time of the trial in 1955, and it was a successor to a map which had been used previously in the department. There was further testimony that, in the making of the said map currently in use, information was supplied that this road was a public road by usage. We regard the foregoing as sufficient proof to require a finding that it established the element that the town must have kept the road in repair or must have taken in charge and adopted said road, particularly in the light of the fact that this road was but a rural dirt road, which ran through woods, and was but about a mile in length and not more than 20 feet wide at any point. With this preponderance of evidence, the fact that the former highway department employee was not personally present while work was being done on the road during the period from 1930 to 1936 does not bar such finding. Appellants are entitled to a judgment declaring that the road in question is a public highway. A judgment compelling restoration of a road may be granted under proper circumstances (*De Witt* v. *Van Schoyk*, 110 N. Y. 7). However, consideration should be given to the relative hardship likely to result to the respective parties, if such judgment is granted and also if it is withheld, as well as to the interests of third persons and the public (see Restatement, Torts, §§ 941, 942). No evidence was adduced as to what the cost of restoration would be or as to whether and how the public in general has been affected by what Broad Hollow has done in the roadbed and would be affected by restoration. In the interests of justice the case ought to be opened in order to enable the parties to adduce evidence as to this and also to adduce additional evidence, as they may desire, upon the issue of damage claimed to have been sustained by appellants. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.