■     PROCOPIO S. IMPASTATO et al., Appellants, v VILLAGE OF CATSKILL et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of defendants, entered August 27, 1975 in Greene County, upon a decision of the court at a Trial Term, without a jury. In May of 1972, plaintiffs instituted this action for a judgment declaring that Grandview Avenue Extension in the Village of Catskill, New York, is a public road and directing the village to maintain it as such. Five families, including plaintiffs, reside on the extension, a dead-end road which proceeds approximately two tenths of a mile from a traffic circle and then branches in northerly and southerly directions for three tenths of a mile and five tenths of a mile, respectively. Acting without a jury, the trial court found the extension to be a private road and dismissed the complaint on the merits. Upon our examination of the record and pursuant to our authority in nonjury cases "to make new findings of fact and a final adjudication thereon" (York Mtge. Corp. v Clotar Constr. Corp., 254 NY 128, 134; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.20), however, we conclude that the trial court's adjudication in favor of defendants is not supported by the evidence and must be reversed. Plaintiffs' fundamental contention is that the extension became a

village street by prescription, and to prevail they must establish it to "have been used by the public as a street for fifteen years or more continuously" (Village Law, § 174-A, repealed by L 1972, ch 892, eff Sept. 1, 1973, and substance transferred to Village Law, § 6-626, wherein the requisite period of continuous public use is reduced to 10 years). Moreover, naked use by the public is not enough, as plaintiffs must further demonstrate that the village has continuously maintained and repaired the alleged street and, thus, assumed control thereof during the period of time in question (*Nogard v Strand,* 38 AD2d 871; *De Haan v Broad Hollow Estates,* 3 AD2d 848). In this instance, we find that plaintiffs have clearly carried their burden. In addition to use of the extension by those residing thereon, the record is replete with evidence of the continuous use of the road by the general public since 1950 to gain access to the surrounding area for such varied activities as hiking, sight-seeing, hunting, fishing, swimming, picnicking and horse-back riding. Most significantly, this use was by people engaged in activities unrelated to the abutting landowners, and they were not restricted in any way in the pursuit of their public purposes. As for adoption of the road by the public authorities, Thomas Porto, a former superintendent of streets and sewers for the village, testified that from 1948 until about 1970 the village maintained the extension on a regular and continuous schedule under the direction of the village trustees and performed such services as snowplow-ing, mowing the grass, cutting weeds, grading, repairing, resurfacing and patching. He further testified that in 1967 the village carried out an extensive reconstruction project involving about one half of a mile of the road, and all his testimony relating to village activity stands uncontradicted and largely corroborated by other witnesses. On such a record as this, we find that plaintiffs have amply demonstrated the requisite public use and control by the village, and, accordingly, they are entitled to a judgment declaring Grandview Avenue Extension a public road and directing the village to maintain it as such. Judgment reversed, on the law and the facts, with costs, and judgment directed to be entered in favor of plaintiffs declaring Grandview Avenue Extension to be a public road and directing its maintenance by the Village of Catskill as such. Koreman, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.