OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs, by dismissing the complaint.
Plaintiff developers’ declaratory judgment action challenges the constitutionality of a statute and regulation allowing defendant’s Planning Board to require a $5,000 per lot recreation fee as a condition of subdivision approval. While acknowledging that some fee may be exacted, plaintiffs claim that the amount of the fee is unconstitutional because it lacks a close nexus to the legitimate governmental interest of providing recreational facilities. In that no such fee has been imposed upon any of the plaintiffs, however, their challenges are not ripe for review.
*928 For a challenge to administrative action to be ripe, the administrative action sought to be reviewed must be final, and the anticipated harm caused by the action must be direct and immediate (Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 519-520, cert denied 479 US 985; see also, de St. Aubin v Flacke, 68 NY2d 66, 75). "This rule not only prevents dissipation of judicial resources, but more importantly, it prevents devaluation of the force of judicial decrees which decide concrete disputes.” (Cuomo v Long Is. Light. Co., 71 NY2d 349, 354; see also, Williamson Planning Commn. v Hamilton Bank, 473 US 172, 185-186.)
Neither requirement is met here. While plaintiff Bayswater in fact received a final approval resolution from the Town Planning Board which imposed the challenged fee, Bayswater sought judicial review of that determination and the matter was ultimately remitted to Supreme Court with directions to remand it to the Board — where it is pending — for further determinations pursuant to Town Law § 277 (1) (Matter of Bayswater Realty & Capital Corp. v Planning Bd., 76 NY2d 460). The remaining plaintiffs are even farther from having the challenged fee imposed on them, since their applications for subdivision approval have not yet been passed upon by the Board.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order modified, etc.