■ LOFT CORPORATION et al., Respondents, v CITY OF NEW YORK, Appellant. (And Other Actions.) [688 NYS2d 620] —In six related actions, *inter alia,* to recover damages for an unconsti-

tutional taking of real property and under Public Health Law § 1105, the defendant in each action, the City of New York, appeals from an order of the Supreme Court, Putnam County (Hickman, J.), entered July 3, 1997, which denied its motion to dismiss the complaint in each action.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, and the complaints are dismissed.

The plaintiffs in these six actions seek, *inter alia*, to recover damages based on the promulgation of new regulations by the defendant in each action, the City of New York, pertaining to the preservation of its watershed. These regulations were promulgated as part of a comprehensive settlement agreement the City reached with the United States Environmental Protection Agency, the State of New York, Putnam and Westchester Counties, communities situated in the City's watershed, and various environmental groups. Generally, the purpose of the agreement was to forestall the construction of a water filtration plant for the City's water supply by, among other things, actively engaging in a land acquisition program and imposing certain regulatory restrictions on development in the watershed area (*see,* 15 RCNY 18-14, 18-39 [a] [1]; *see also, City of New York v Mancini-Ciolo, Inc.,* 188 AD2d 633).

The plaintiffs are property owners, each of whom has alleged, *inter alia*, that the promulgation of the watershed regulations constitute a regulatory taking of their property without just compensation (*see,* NY Const, art I, §§ 7, 11). The plaintiffs also alleged causes of action under Public Health Law § 1105. The defendant moved to dismiss the complaint in each action, *inter alia*, on the ground that the actions were not ripe. The Supreme Court denied the motion. We reverse.

It is well settled that a claim for a regulatory taking is not ripe for judicial review until the extent of the administrative agency's enforcement of the regulation at issue is known (*see, de St. Aubin v Flacke,* 68 NY2d 66, 77; *Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 519-520; *Spears v Berle,* 48 NY2d 254, 263). As the United States Supreme Court has observed in a similar context, " '[a] court cannot determine whether a regulation has gone "too far" unless it knows how far the regulation goes' " (*Suitum v Tahoe Regional Planning Agency,* 520 US 725, 734, quoting *MacDonald, Sommer & Frates v Yolo County,* 477 US 340, 348).

None of the plaintiffs has alleged that any site plan application to develop their respective parcels has been denied by the

City after being subject to complete review. The plaintiffs have not alleged that they sought and were denied a variance from the operation of the watershed regulations, as specifically provided therein (*see,* 15 RCNY 18-21 [a] [3]). Indeed, the plaintiffs have consistently argued that the mere promulgation of the regulations is a ground for a judicial determination that a regulatory taking has occurred. We reject this argument and conclude that until such time as the City, through its pertinent administrative agency, makes a final determination as to a specific development plan with respect to a given parcel, any controversy as to whether there has been a regulatory taking is not ripe for judicial review (*see also, Matter of Gazza v New York State Dept. of Envtl. Conservation,* 89 NY2d 603, 617-619; *Marcantonio v Rousso,* 257 AD2d 650).

We similarly conclude that the alleged causes of action under Public Health Law § 1105 are not ripe for review until such final administrative determination is made (*see, Weingarten v Town of Lewisboro,* 77 NY2d 926, 928; *Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 283; *Matter of Wedinger v Goldberger,* 71 NY2d 428, 439; *Matter of Hospital Assn. v Axelrod,* 164 AD2d 518, 525; *see also, Matter of Essex County v Zagata,* 91 NY2d 447, 453-454; *cf., Seawall Assocs. v City of New York,* 74 NY2d 92; *Rockland Power & Light Co. v City of New York,* 289 NY 45).

In light of this holding, we do not reach the other arguments raised by the parties, including the City's argument that the complaints do not state causes of action under Public Health Law § 1105. Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.