■ In the Matter of J. HENRY NEALE, JR., Appellant, v JEF-FREY A. COHEN et al., Respondents. [721 NYS2d 110] —In a proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Ethics Board, dated February 23, 1999, which determined that the petitioner violated the Westchester County Code of Ethics, and a determination of the Deputy County Executive, Jay B. Hashmall, dated February 26, 1999, which suspended the petitioner from his position as a member of the Westchester County Parks, Recreation, and Conservation Board pending a determination by the County Executive on the issue of removal, the petitioner appeals from (1) a judgment of the Supreme Court, Westchester County (Leavitt, J.), dated November 18, 1999, which denied the petition and dismissed the proceeding, and (2) an order of the same court, dated February 8, 2000, which denied his motion denominated as one to reargue and renew, but which was, in actuality, one for reargument.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The petitioner, an attorney, was appointed to be a member of the Westchester County Parks, Recreation, and Conservation Board (hereinafter the County Parks Board). After commencing an action against the County of Westchester in his capacity as a private attorney on behalf of a not-for-profit corporation, the respondent Westchester County Ethics Board (hereinafter the Ethics Board), at the request of the respondent Jay B. Hashmall, Deputy County Executive, issued an advisory opinion stating that the petitioner's conduct was in violation of the Westchester County Code of Ethics. The petitioner's name was not mentioned in the advisory opinion. Thereafter, the Deputy County Executive informed the petitioner that, based upon the advisory opinion, he was suspended from his position on the County Parks Board pending a final determination in the matter. The petitioner subsequently resigned from his position on the County Parks Board, explaining that he had received a job offer which might interfere with his County Parks Board position.

The Supreme Court properly dismissed the instant petition on the grounds that the matter was not ripe for judicial review and it was academic. The Ethics Board did not make a final determination against the petitioner, but rather, issued an advisory opinion without mentioning the petitioner's name (see,

*Weingarten v Town of Lewisboro,* 77 NY2d 926; *Loft Corp. v City of New York,* 260 AD2d 549). Moreover, any claim against the Deputy County Executive based on the petitioner's suspension and the institution of removal proceedings against him was rendered academic upon the petitioner's resignation (*see, Fragoso v Romano,* 268 AD2d 457). Krausman, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.