■ In the Matter of EDWARD LAURIA et al., Appellants, v MICHAEL D. HESS et al., Respondents. [762 NYS2d 395] —In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Corporation Counsel of the City of New York dated November 23, 1999, which modified his prior Opinion of Dedication dated October 18, 1996, by, in effect, deleting any reference to the subject portion of Edinboro Road, and an action for a judgment declaring that the subject portion of Edinboro Road is a public street, the petitioners appeal from a judgment of the Supreme Court, Richmond County (Mastro, J.), dated November 29, 2000, which denied the petition, dismissed the proceeding, and stated that the Opinion of Dedication dated November 23, 1999, "remains in full force [and] effect." Justice Goldstein has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is modified, on the law, by adding a provision thereto directing a hearing on the cause of action for a declaration that the subject portion of Edinboro Road is a public street; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.

The Corporation Counsel of the City of New York (hereinafter the Corporation Counsel) issued an Opinion of Dedication dated October 18, 1996, as to a portion of Edinboro Road in Staten Island in connection with a resurfacing program of the New York State Department of Transportation (hereinafter the DOT). The opinion was for the limited purpose of determining whether public funds could be utilized to improve the road in accordance with General City Law § 36 (2). Thereafter, William Wolfe, a respondent herein, who owns property which abuts the subject portion of Edinboro Road, brought a proceeding pursuant to CPLR article 78 to review the Opinion of Dedication and to compel compliance with a judgment of the Supreme Court, Richmond County (Crane, J.), dated May 1, 1963, which, after a trial, determined, inter alia, that a portion of the road was privately owned by his predecessor in interest. On November 23, 1999, the Corporation Counsel issued an Opinion of Dedication which modified its October 18, 1996, Opinion of Dedication by eliminating any reference to the subject portion of Edinboro Road. A stipulation of settlement

dated November 30, 1999, discontinued the proceeding brought by Wolfe. The petitioner thereafter commenced this hybrid proceeding and action, seeking, inter alia, vacatur of the Opinion of Dedication dated November 23, 1999, and a judgment declaring that the subject portion of the road is a public street. The Supreme Court determined that the November 23, 1999, Opinion of Dedication "remains in full force [and] effect" and dismissed the proceeding.

The Opinion of Dedication dated November 23, 1999, was not a final determination that Edinboro Road was a public street (see General City Law § 29). It was merely a modification of the Opinion of Dedication dated October 18, 1996, which was issued for the limited purpose of advising the DOT as to whether public funds could be expended for its resurfacing (see General City Law § 36 [2]). Indeed, the Opinion of Dedication dated November 23, 1999, explicitly states, inter alia, that it should not be construed as a legal opinion as to whether Edinboro Road is a public street. That nonfinal, advisory opinion is therefore not ripe for judicial review and the proceeding was properly dismissed (see Weingarten v Town of Lewisboro, 77 NY2d 926 [1991]; Matter of Neale v Cohen, 281 AD2d 421 [2001]).

The Supreme Court, however, should have adjudicated the cause of action for a declaration that the subject portion of Edinboro Road is a public street. A declaratory judgment is the proper procedural vehicle to determine whether the road is or has become a public street (see Impastato v Catskill, 55 AD2d 714 [1976], affd 43 NY2d 888 [1978]; De Haan v Broad Hollow Estates, 3 AD2d 848 [1957]; see also Di Biasi v City of New York, 19 AD2d 323 [1963], affd 14 NY2d 711 [1964]). Accordingly, we remit the matter to the Supreme Court, Richmond County, for a hearing on the cause of action for a declaration that the subject area of Edinboro Road is (or has become) a public street, and a determination and declaration on that cause of action. Feuerstein, J.P., Smith, Goldstein and Adams, JJ., concur.