■ In the Matter of BRUCE MADONNA et al., Appellants, v TOWN OF RIVERHEAD et al., Respondents. [806 NYS2d 75]—

In a hybrid proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Riverhead dated August 20, 2002, reaffirming an earlier acceptance of a road known as Centre Street, as a Town highway, and an action for a judgment declaring, among other things, that the Town of Riverhead had no right, title, or interest in the subject road, the petitioners separately appeal, as limited by their briefs, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Lifson, J.), entered August 6, 2003, as, in effect, granted the respondents' motion to dismiss the petition pursuant to, among other things, CPLR 217, 3211 (a) (5), (7); 7804 (f), and dismissed the hybrid proceeding.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings, inter alia, pursuant to CPLR 7804 (h).

The petitioners own neighboring parcels of land in the Town of Riverhead. Part of the subject road, Centre Street, cuts between the petitioners' parcels. Both petitioners claim that their respective property lines extend to the centerline of Centre Street. The respondents contend that the petitioners' fee rights extend only to the edges of Centre Street which bound their respective parcels, not to its centerline. The petitioners challenge, inter alia, the respondents' contention regarding their fee rights.

There are triable issues of fact relating to the asserted dedication of the disputed part of Centre Street and the alleged acquisition by the Town of prescriptive rights in the subject

road by public use (*see generally* CPLR 7804 [h]). Accordingly, the Supreme Court should not have dismissed the petition without holding an evidentiary hearing (*see* CPLR 7804 [h]; *Matter of Archer v Town of Wheatfield*, 300 AD2d 1108 [2002]; *Goldrich v Franklin Gardens Corp.*, 282 App Div 698, 699 [1953]).

The respondents' remaining contentions are without merit. H. Miller, J.P., Santucci, Goldstein and Dillon, JJ., concur.