# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**496**

**CA 12-00933**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

JAMES S. DAVIS, ROBERT C. BOSSERT, JR.,
CHARLES D. BEAVER, DAVID A. RODKEY, ALBERT E.
WEISSER AND JOHN W. HUPP, PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

THOMAS T. WISKUP, SR., THOMAS T. WISKUP, JR.,
LAURA STANISZEWSKI, ROBERT C. WISKUP AND POTTER
LUMBER COMPANY, INC., DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

MACDONALD, ILLIG, JONES & BRITTON LLP, ERIE, PENNSYLVANIA (GREGORY P. ZIMMERMAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

BACKHAUS & SIMON, P.C., OLEAN (ROBERT J. SIMON OF COUNSEL), FOR DEFENDANT-RESPONDENT POTTER LUMBER COMPANY, INC.

---

Appeal from a judgment of the Supreme Court, Cattaraugus County (Gerald J. Whalen, J.), entered April 24, 2012. The judgment dismissed the complaint and adjudged that defendant Potter Lumber Company, Inc. is entitled to a prescriptive easement over a certain portion of Bushey Road, Hinsdale.

It is hereby ORDERED that the judgment so appealed from is unanimously vacated on the law without costs and the matter is remitted to Supreme Court, Cattaraugus County, for further proceedings in accordance with the following Memorandum: In this action pursuant to RPAPL article 15, plaintiffs appeal from a judgment that denied their motion for summary judgment seeking a determination that a certain roadway in the Town of Hinsdale (Town) has been abandoned as a public road and granted the cross motion of defendant Potter Lumber Company, Inc. (Potter Lumber) for summary judgment seeking a determination that it has a prescriptive easement over the roadway. Although the pleadings sharply place in issue the question whether the subject roadway has been abandoned as a town highway, the Town has not been made a party to this action. We therefore vacate the judgment and remit the matter to Supreme Court for further proceedings with the directive that the Town be joined as a defendant "in order to accord complete relief between the parties" (*DeMato v Mallin*, 68 AD3d 711, 712).

We note in any event that the court erred in determining that Potter Lumber had acquired a prescriptive easement over a portion of the road that the court determined was a "prescriptive highway." A

highway by prescription is a public road (*see* Highway Law § 189; *see also People v County of Westchester*, 282 NY 224, 228; *De Haan v Broad Hollow Estates*, 3 AD2d 848, 848), and a public highway created by prescription is not subject to adverse possession (*see Burbank v Fay*, 65 NY 57, 69; *Litwin v Town of Huntington*, 208 AD2d 905, 906, *lv dismissed* 86 NY2d 777).

Entered: May 3, 2013                                      Frances E. Cafarell
                                                                     Clerk of the Court