In the Matter of the Application of the MAYOR, ALDERMEN
AND COMMONALTY OF THE CITY OF NEW YORK, Relative to
Acquiring Title to Lands Required for the Opening of East
178th Street from Creston Avenue to Ryer Avenue.

CHARLOTTE ASCHENBRENNER, Appellant; THE CITY OF NEW
YORK et al., Respondents.

REAL PROPERTY — DEED — EASEMENT OF WAY.  Where premises sit-
uated on a certain opened street are described in a conveyance thereof as
being part of a certain lot on a certain map, which map shows the lot as
bounded by the street in question, there is a sufficient recognition of the
map to invest the purchaser with an easement of way through the street
as shown, even though no street is mentioned in the conveyance.

*Matter of Mayor, etc., of New York,* 114 App. Div. 912, affirmed.

(Argued April 1, 1907; decided April 9, 1907.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered July
12, 1906, which affirmed an order of the Special Term con-
firming the report of commissioners of estimate and assess-
ment in the above-entitled proceeding.

*David McClure, John P. Everett, Ellison Crawford* and
*A. A. Greenhoot* for appellant.

*Wm. B. Ellison,* Corporation Counsel (*Theodore Connoly,
John P. Dunn* and *L. Howell La Motte* of counsel), for
City of New York, respondent.

*Henry B. Heylman* for property owners, respondents.

*Per Curiam.*  Under the recent decision of this court in
*Reis* v. *City of New York* (188 N. Y. 58), the grantees of
the various lots plotted on the map of the Buckhout farm
acquired private easements in the streets shown on that map
only to the extent of the block in front of their respective lots
and such other parts of the streets as might be necessary to
obtain access to a public highway.  The part of Grove street
as delineated on said map, which is the subject of the award
in this proceeding, was a mere *cul-de-sac,* and when the
appellant's testator, Green, acquired title to the lots on both

sides of this part of Grove street the private easements were extinguished. But when Green conveyed to Lock the premises on the south side of Grove street, though he did not mention that street, he described the premises conveyed as being part of lot 7 on the Buckhout map. This was a recognition of the map, and that map showed lot 7 as bounded on the north by an open street, Grove street. The evidence is conflicting as to whether at the time of the conveyance this part of Grove street was physically open or inclosed, and that question of fact must be assumed to have been decided against the appellant.

We are of opinion, therefore, that the commissioners could properly find that the land condemned was subject to an easement of way in favor of the owner of lot 7, and the order appealed from should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Order affirmed.