(121 App. Div. 296.)

### NEWTON v. CITY OF DUNKIRK et al.

(Supreme Court, Appellate Division, Fourth Department. September 25, 1907.)

**1. DEDICATION—INTENT—ACCEPTANCE.**

To constitute an effective and irrevocable dedication of private property for a public highway, there must be an intention on the part of the owner to so dedicate and an unequivocal acceptance of the same by or on behalf of the public, and whether a dedication has been consummated in a particular case is to be determined from the acts and declarations of the parties and all the attending circumstances.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Dedication, §§ 4, 8, 10, 11.]

**2. SAME—SUFFICIENCY OF EVIDENCE.**

In an action to restrain a city from building a sidewalk, etc., evidence considered, and *held* sufficient to sustain a finding that a certain street had been dedicated as a public highway by plaintiff's predecessor in interest, notwithstanding he had put up signs declaring the street private property, and that the street had been accepted as such by the public.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Dedication, §§ 85–87.]

Appeal from Judgment on Report of Referee.

Action by George M. Newton, individually and as administrator, etc., against the city of Dunkirk and others. From an adverse judgment, plaintiff appeals. Affirmed.

The action was commenced on the 27th day of July, 1903, to restrain the city of Dunkirk from consummating its plan to build a sidewalk upon Newton street, in said city, and assess a portion of the cost of such construction upon the plaintiff, who is the owner of a considerable portion of the property abutting thereon, and particularly to have it adjudged that Newton street, so-called, is not a public street, that it has never been dedicated to the public by the plaintiff or his predecessors in interest or accepted by the defendant city, and therefore that the city has no jurisdiction over the same. The referee found adversely to the plaintiff upon each of the issues, all of which fully appears by his findings of fact and conclusions of law. Practically the only question presented by this appeal is whether or not the findings are supported by evidence, or are contrary to or against the weight of the evidence.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Murray & Hurlbert (W. S. Thrasher, of counsel), for appellant.
Thomas P. Heffernan (George E. Towne, of counsel), for respondents.

McLENNAN, P. J. It is well settled by the law of this state that, in order to constitute an effective and irrevocable dedication of private property for a public highway, there must be an intention on the part of the owner to so dedicate and an unequivocal acceptance of the same by or on behalf of the public. Whether or not a dedication has been consummated in a particular case is to be determined from the acts and declarations of the parties and all the attending circumstances. Where conflicting, the force and effect of each should be considered and a conclusion reached in accordance with the weight of the evidence. In the case of Cook v. Harris et al., 61 N. Y. 448, the rule

is stated in the opinion of the court, per Earl, J., as follows (pages 453, 454):

"Land may be dedicated to the use of the public for a highway without any writing; and a dedication once made and accepted cannot be revoked. It rests upon the doctrine of estoppel in pais. The dedication and acceptance may be proved by the acts of the parties and the circumstances of the case. The owner's acts and declarations should be such as to manifest an intention to abandon or devote his property to the specific public use. In the case of a highway, the public must accept the highway, and before such acceptance the dedication may be revoked. Such acceptance may be proved by long public use, or by the positive acts of the public authorities in recognizing and adopting the highway. No particular length of time is essential to make a dedication valid and irrevocable. The dedication and acceptance may both occur on a single day. All that is needed in any case is room for the estoppel to operate."

In the case of Flack v. Village of Green Island, 122 N. Y. 107, 25 N. E. 267, a large number of cases are cited in which many of the facts and circumstances which may be considered in determining whether a dedication and acceptance has occurred are referred to. In Pomfrey v. Saratoga Springs, 104 N. Y. 459, 11 N. E. 43, it was said:

"The intention of the owner to dedicate is the essential thing; and this is to be found in facts and circumstances of each particular case."

Dillon, in his work on Municipal Corporations (section 636), says:

"Where a plot is made and recorded, the requisite intention is generally indisputable."

At section 640, the same author also says:

"A sale of lots with reference to such plat or describing lots as bounded by streets will amount to an immediate and irrevocable dedication of the latter, binding upon both the vendor and vendee."

In the case of Hunter v. Trustees of Sandy Hill, 6 Hill, 407, it was held that lapse of time is not an essential ingredient, but the dedication may be established by acts on the part of the owner and the public unequivocal in their character, though occurring on a single day. "Long continued and uninterrupted use of land by the public, however, furnishes strong evidence of dedication." In Holdane v. Trustees of Cold Spring, 21 N. Y. 474, 479, it is said:

"To complete the dedication of a highway, if there has been no formal act of acceptance by public authority, the acceptance may be made by common user as a highway of the land dedicated."

Dillon, in his work on Municipal Corporations (section 642), says:

"Acceptance may be express and appear of record, or it may be implied from repairs made and ordered or knowingly paid for by the authority which has the legal power to adopt the street or highway, or from long user by the public."

In the case at bar, the learned referee, after considering all the facts and circumstances disclosed by the evidence, concluded that the land in question, which is occupied by Newton street, had been dedicated as a public highway by the plaintiff and his predecessors in interest, and that it had been accepted as such by the public. We think that such findings of fact on the part of the referee cannot be said to be against the weight of the evidence.

Attention may be called briefly to the salient points in the evidence, which, as we think, under the authorities referred to, fully justify the conclusion reached by the referee. Stephen M. Newton, the father of the plaintiff, became the owner of the Newton farm, so called, between the years 1862 and 1868, and soon thereafter commenced to lay out streets, among others Newton street, across the farm. For a time Newton street was practically a lane, the full width of a street, but having bars across it which excluded the public from its use. In about 1873 or 1874 all such bars or cross-fences upon Newton street were removed, and the public were permitted to use and travel upon it without let or hindrance from that time until the present. It was turnpiked by plaintiff's predecessor and made reasonably suitable for public travel, and it connected with two principal streets of the defendant city. During all the years travel by the public upon such street was considerable to say the least. As to the extent there is a dispute in the evidence. Plaintiff's predecessor also during that time conveyed several lots abutting upon such street, and in such conveyances the property was described as bounded upon one side by Newton street. It, however, does not appear that such lands had ever been plotted upon a map showing Newton street, or that any such map had ever been filed or recorded.

It also appears that during such time, at the request of plaintiff's predecessor and of the persons to whom he had sold lots abutting upon such street, the city authorities authorized the laying of a water pipe in said street, connecting with its mains, and which would furnish water to such property owners. It appears, however, that that was done upon the agreement of Newton that he would pay for the use of the water an amount sufficient to make a proper return to the city upon the money expended in furnishing the same. It appears that the city of Dunkirk had not worked upon or repaired the street to any considerable extent, but that practically all such work was done by Newton. It also appears that, shortly after the street was opened to the public, Newton caused signposts to be erected upon which it was stated that the street was private property. Those signposts had fallen into decay and the printing thereon had become illegible many years before the commencement of this action. In fact, the evidence tends to show very conclusively that Newton did intend to dedicate Newton street to the uninterrupted use of the traveling public, but sought to hedge such dedication about in such manner as that the city of Dunkirk should have no authority or control over the same, and should not be in a position to compel proper improvements thereon, the building of sewers, sidewalks, paving the same, etc. And really the question is whether the acts of Newton which tended under the authorities which we have cited to indicate an intention to dedicate to the public were rebutted and refuted as matter of law by other acts which might have a contrary meaning. It appears that, upon several occasions, the plaintiff's predecessor stated to third parties that Newton street was a public street. The only facts which tend to show that Newton did not intend to dedicate the property in question to the public use irrevocably and for all purposes was the erection by him of the signposts above referred to, and the fact that he himself kept the

street in repair. In the case of Porter v. Village of Attica, 33 Hun, 605, it was held, in substance, that the fact of public user may constitute acceptance without formal action of the constituted authorities, and that, therefore, a municipality would be liable for an accident occurring upon such street precisely the same as if it had been formally accepted by the municipality. It seems to me illogical that an owner of private property may open a way over the same for the traveling public connecting with two principal streets in a city, and sell his property abutting upon such street in such manner as that between him and his grantees the same must be always kept open as a street, make application that he and his grantees be furnished water by such municipality, declare to his neighbors that the street in question is a public street, and then may be heard to claim that it is not such because of signs erected thereon many years before declaring that such street was private property.

All the facts and circumstances disclosed by the evidence in this case made the question of dedication one of fact, and we are not prepared to say that the finding of the referee that such dedication had been consummated prior to the commencement of this action is contrary to or against the weight of the evidence. It follows that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.