(60 Misc. Rep. 453.)

FOERSTER v. EILERS.

(Supreme Court, Special Term, Nassau County. September, 1908.)

EASEMENTS (§ 17*)—OBSTRUCTION—INJUNCTION.

Plaintiff and defendant were the owners of property which was originally a part of a tract owned by one who filed a map with the county clerk, dividing the tract into lots, and showing a private road known as W. avenue, together with numerous other private roads. Plaintiff bought before defendant according to the map as filed. Defendant owned land bounded by either side of W. avenue, and the land owned by plaintiff did not front on that portion of W. avenue lying between the lands owned by defendant, nor was it necessary to use such portion of the avenue to enable plaintiff to go to the public highway. Held, that an action to enjoin defendant from closing up W. avenue by a fence between defendant's respective parcels of land is not maintainable.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 47, 48; Dec. Dig. § 17.*]

Action by Francis Foerster against Anton Eilers to enjoin the closing up of a private road. Judgment for defendant.

Halstead Scudder, for plaintiff.
William Gillen, for defendant.

CARR, J. This is an action in equity brought by the plaintiff to enjoin the defendant from closing up a private road on a part of which the plaintiff's property abuts. Both parties are the owners of property which formed at one time part of an entire tract at Sea Cliff, L. I., owned by one Preston. Preston filed a map in the office of the county clerk, dividing the tract into various parcels, and on this map was shown a private road known as Willowshore avenue, together with numerous other private roads by which the various parcels of property as subdivided were bounded. The plaintiff bought prior in time to the defendant and according to the map as filed. The defendant owns parcels of land bounded by either side of Willowshore avenue, and has set about to erect and maintain a fence upon that road between his respective parcels of land. The plaintiff claims that, when he purchased his property according to the map filed by Preston,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an implied covenant was to be read into his deed that every private road shown on that map should be forever maintained open for his use. While this action was brought originally with reference to several private roads which the defendant is said to have closed the plaintiff has disclaimed, for the purpose of this action, any interest in any road except that described on the map as Willowshore avenue. He does not predicate his cause of action upon the claim that it is necessary to keep Willowshore avenue open to enable him to have access to or from his own property to a public highway.

He rests his right for relief entirely upon the doctrine laid down in Tibbits v. Cumberson, 39 Hun, 456. In that case it was held that, where a grantor conveys land in accordance with a map which he adopted for the subdivision of an entire tract, an implied covenant arises that the grantor should carry out the plan proposed in the map, and that the grantee acquires an easement in every street shown on the map according to which the purchase was made. The court said as follows:

"The map binds the grantor to carry out the plan he proposed and under which he sold. It is not to be determined as if lands were sold which had no access to the public highway, and when a way of necessity is to govern, but as a thing of covenant, and a covenant by means of which the grantor induced purchasers to buy the land."

In the opinion of the court two earlier authorities are cited as justifying its decision: Taylor v. Hopper, 62 N. Y. 649; Matter of Eleventh Avenue, 81 N. Y. 436. Neither of these authorities goes to the extent of supporting the entire principle of this decision. In Taylor v. Hopper the controversy actually decided related to the streets surrounding the block of land on which was situated the parcel owned by the plaintiff, and the obstruction in question was on the street bounding that block. It was not necessary, therefore, to decide in that case any question as to the rights of an owner in a private road abutting on his property, but extending some distance beyond it, where the obstruction was on a part of a road distant from his property, and did not in fact cut off access to all public roads. The question which came up in Matter of Eleventh Avenue related to the respective rights of an abutting owner and the fee owner in a parcel of land embraced within the line of a proposed city street. It was held that, when the owner of a tract conveyed parcels thereof bounding them by the exterior lines of a proposed city street, he adopted the city's map as his own, and created such an easement in his grantee as would entitle the grantee to share in whatever award might thereafter be made by the city when it proceeded to legally open the street in question. Again, the question of the interest of an abutting owner in the proposed street at a distance from his own property and not necessary for access to some existing public road was not before the court for decision. The decision, however, in Tibbits v. Cumberson was followed in Kerrigan v. Backus, 69 App. Div. 329, 74 N. Y. Supp. 906, in which an elaborate opinion was written by Mr. Justice Jenks, reviewing previous decisions on the subject. In that opinion it was declared that the nature of the easement taken under the circumstances was not

to be limited to one that afforded mere necessary access in but one direction to the nearest highway. If these decisions are to be taken as declaring the present rule of law, under the circumstances, the plaintiff might be entitled to maintain his action.

The whole question, however, has been recently reviewed by the Court of Appeals in Reis v. City of New York, 188 N. Y. 58, 80 N. E. 573. In that case it was held that a private easement acquired by one who had purchased land according to a map filed by the grantor does not extend to each and every street shown on the map in question, but only to the streets therein which surround and abut the property described in the deed to the next public highway. That decision was construed within a month after its filing by the same court in another case. Matter of Mayor, 188 N. Y. 581, 80 N. E. 1109. In the last-mentioned case the court, construing the earlier case, said:

"Under the recent decision of this court in Reis v. City of New York, the grantees of the various lots plotted on the map of the Buckhout farm acquired private easements in the streets shown on that map only to the extent of the block in front of their respective lots and such other parts of streets as might be necessary to obtain access to a public highway."

In this particular case the court denied an easement in a private road, which was in fact a mere cul-de-sac, at a point where it did not abut upon the land of the owner who claimed an easement therein. It is contended, however, by the learned counsel for the plaintiff that, inasmuch as the Court of Appeals had not mentioned in their decision the earlier cases of Tibbits v. Cumberson and Kerrigan v. Backus, it cannot be deemed to have intended to have overruled them. It is true that neither of these cases are mentioned in the opinion just referred to, but both of them were cited to the court in briefs of the respective counsel, and no doubt were before the court plainly for consideration when it attempted to declare the rule of law applicable. It is quite common to find a practical overruling of an earlier case by the Court of Appeals without any motion of the case in its opinion. When the case of Reis v. City of New York went before the Appellate Division (113 App. Div. 464, 99 N. Y. Supp. 291), the question of the nature of the private easement appears to have been discussed, the decision proceeding upon the effect to be given to a closing of a public street under the statute relating to the city of New York. When it went before the Court of Appeals, however, that court discussed the question treated by the court below, and in addition has declared itself, after considerable reviewing of authorities, as to the rule to be applied to the question where a private easement is involved.

I feel, therefore, that the question now presented by the plaintiff is not open for discussion, as I am bound by the decision in Reis v. City of New York. I do not feel called upon to pass upon the other questions urged by the defendant in relation to the abandonment by the plaintiff of the easement in Willowshore avenue, nor as to the question of the effect of the instrument filed by the defendant under section 41 of the tax law, as such questions are not in any way necessary to the decision of this case as it presents itself to me. No easement of the plaintiff seems to have been disturbed by the defendant

under the decision of Reis v. City of New York, inasmuch as no attempt has been made to interfere with any of the streets shown on the map which surround the plaintiff's property and through which he has access to the public highways.

Judgment is therefore directed for the defendant dismissing the plaintiff's complaint.

Judgment for defendant.