(161 App. Div. 400)

WHITE et al. v. MOORE.

(Supreme Court, Appellate Division, Second Department. March 13, 1914.)

1. DEDICATION (§ 33*)—ACCEPTANCE.
    An offer of dedication may be accepted by a municipality created after the offer was made.
    [Ed. Note.—For other cases, see Dedication, Cent. Dig. § 66; Dec. Dig. § 33.*]

2. DEDICATION (§ 32*)—ACCEPTANCE.
    A formal acceptance of a dedication is not required, even if the statute provides therefor, unless it declares such form of acceptance exclusive.
    [Ed. Note.—For other cases, see Dedication, Cent. Dig. § 64; Dec. Dig. § 32.*]

3. EASEMENTS (§ 61*)—ACTIONS—PARTIES.
    Grantees of lots, conveyed by deeds implying a covenant of easement in land dedicated for a park by platting a map and sales under it, may unite with the municipality in a suit to enjoin interference with the public use of the land.
    [Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 102, 130-144, 148; Dec. Dig. § 61.*]

4. DEDICATION (§ 38*)—REVOCATION.
    Grantees in deeds implying a covenant of easement in land dedicated to public use by platting a map and sales under it have such an interest in the land that the dedication cannot be revoked without their consent.
    [Ed. Note.—For other cases, see Dedication, Cent. Dig. §§ 77, 78; Dec. Dig. § 38.*]

5. APPEAL AND ERROR (§ 1071*)—REVIEW—HARMLESS ERROR—FINDINGS AND CONCLUSIONS.
    Conflict in conclusions of law is not ground for reversal, where the findings of fact and other conclusions of law support the judgment.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234-4239; Dec. Dig. § 1071.*]

Appeal from Special Term, Nassau County.

Action by Georgianna B. White and others against Florence A. Moore. From a judgment for plaintiffs (73 Misc. Rep. 96, 132 N. Y. Supp. 441), defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Harry W. Moore, of Mineola, for appellant.
Benjamin F. Spellman, of New York City, for respondents.

CARR, J. In 1880, Henry Du Bois, who was then the owner of a tract of land situated in the town of Oyster Bay, in the county of

Queens, filed in the office of the county clerk of said county a map of the land as a "Map of Clifton Park," etc. The tract was irregular in shape, but in the center, as near as may be, he platted out a square plot which he described as "Park," and through the same map, in various directions, he likewise platted out a number of proposed streets. Lots were likewise platted out and numbered, every one of which fronted on some of the platted streets and a large number of which faced the square plot marked "Park." He started out to sell these various lots by conveyances, each of which referred to the platting map of 1880, and in which each lot was described simply by its number on said map. In 1885 he conveyed to his wife, Martha Du Bois, through a duct or intermediary of title, all the lots numbered on said map, of which he had not previously disposed, and she in turn conveyed to purchasers practically all of the remainder of said lots by deeds which referred to the map of 1880 and in which the premises conveyed were described by the respective lot numbers shown on said map. Long before the beginning of this action, every lot shown and numbered on the map of 1880 had been conveyed to purchasers by either Du Bois, husband or wife, and every proposed street had been accepted by the public. According to well-settled rules of law, when Du Bois, either husband or wife, conveyed any of the lots platted on said map of 1880, as to their grantees, at least, there was an implied covenant of easement in the plot marked on said map as a "Park." Unquestionably this was so as to every lot conveyed which fronted on the "Park," and as the tract in question was but small, and every lot numbered on the map was located but a short distance from the "Park," said easement was a beneficial right to each of said lots, and a strong inducing cause of purchase. In addition to this, the platting and the sales under and according to said map constituted an offer of dedication to public use, in furtherance of the implied covenants of the respective grants. The public acquired no rights in the "Park" so offered for public use, until there was a public acceptance of the offer, either by formal action or by common-law method of acceptance, and until either happened the offer was subject to revocation. Some little time before the beginning of this action, Mrs. Du Bois made a conveyance of the "Park" plot to the defendant, and she through her agent attempted to exclude the public in general and in fact everybody else, including the grantees from the Du Bois owners, from using the tract in question. Thereupon this action was brought in equity to enjoin the defendant from interfering with a public use of this "Park" plot. The plaintiffs herein embrace a large number of the grantees from the Du Bois grantors, and likewise the village of Sea Cliff. The defense is that the offer of dedication was revoked by the Du Bois owners before the village of Sea Cliff had accepted it.

[1] The fact that at the time the offer was made originally, in 1880, the village of Sea Cliff had not been incorporated, is of no importance. When that village came into legal existence subsequently, it could accept the offer of dedication for public use. City of Cincinnati v. Lessees of White, 6 Pet. 431, 8 L. Ed. 452.

[2] If it made such acceptance, it was not required to do so by for-

mal act, even if there was a statute providing for formal acceptance, unless said statute declared such form of acceptance exclusive. Matter of Hunter, 164 N. Y. 365, 58 N. E. 288; s. c., 163 N. Y. 542, 57 N. E. 735, 79 Am. St. Rep. 616.

[3] Both the grantees under the Du Bois deeds and the village itself could unite in maintaining this action. Trustees of Watertown v. Cowen, 4 Paige, 510, 27 Am. Dec. 80.

[4] It is indisputable on the record before us that for some years prior to the beginning of this action the village of Sea Cliff had exercised acts of regulation and control of this "Park" plot, and that it was treated as public property on the assessment maps. There is a controversy in the record as to whether either or both the Du Bois owners had revoked their offer of dedication before the village attempted acceptance of the offer, and much time was given to this controversy in the evidence, the learned opinion of the trial court, and the various findings on which the judgment was based. It is not necessary for this court to enter into any extended consideration of this controversy, for it is plain that, if the Du Bois grantors ever attempted to revoke the offer of dedication of the "Park" to a public use, they were not joined in such attempt by all, or in truth by any, of their grantees. While it is stated in various text-books and in the opinions in various decided cases that an offer of dedication of land to public use does not become consummate until there has been an acceptance by the public, either formally, or by user, or by some public act indicating acceptance, and that the offer may be revoked pending such acceptance, yet it is well and universally recognized that the revocation must be made by all the parties who have a legal interest in the lands subject to the offer of dedication to public use. Here the Du Bois grantees had acquired such legal interest. Without their consent, the Du Bois grantors had no power to revoke, and their attempts to do so were of no avail. Holdane v. Cold Spring, 21 N. Y. 474, 478; Bridges v. Wyckoff, 67 N. Y. 130, 132; 13 Cyc. 489; Elliott, Roads & Streets, p. 165.

[5] It is argued, however, that the learned trial court has made some conclusions of law inconsistent with this view, on the request of the defendant-appellant. But, as long as its findings of fact and other conclusions of law support the judgment, it must be affirmed, notwithstanding some apparent conflict in conclusions of law made by the trial court. McNally v. Georgia-Florida Lumber Co., 146 App. Div. 456, 131 N. Y. Supp. 295, affirmed in Court of Appeals, 104 N. E. 1134 (February 24, 1914).

We find no conflict between the opinion above indicated and that declared in Reis v. City of New York, 188 N. Y. 58, 80 N. E. 573, and Foerster v. Eilers, 60 Misc. Rep. 453, 113 N. Y. Supp. 480; s. c., 140 App. Div. 893, 124 N. Y. Supp. 1115; s. c., 204 N. Y. 631, 97 N. E. 1104. In these cases the question was as to the extent of an easement in proposed streets, and it did not involve the question of a dedication of a "park" or "square."

The judgment should be affirmed, with costs. All concur.