VILLAGE OF PLEASANTVILLE, Plaintiff, *v.* SALVATORE C. SICILIANO and Another, Defendants.

Supreme Court, Westchester County, September 10, 1931.

284

*Wendell P. McKown,* for the plaintiff.

*Yard & Gibbons* [*Brainard F. Gibbons* of counsel], for the defendant.

MORSCHAUSER, J. The plaintiff herein seeks a mandatory injunction to compel the defendants to remove so much of the building owned by defendants and situate on the northerly side of Rebecca avenue, in the village of Pleasantville, N. Y., as encroaches upon said avenue.

The defendants erected the building in question about five years ago. It is the claim of the plaintiff that this building encroaches upon Rebecca avenue to the extent of from five feet to approximately nine feet eight inches.

The question for determination is whether Rebecca avenue is a public street eighty feet in width. If so, then this encroachment exists, and if said avenue is approximately fifty feet in width, which is the defendants' contention, then the encroachment does not exist.

The following facts appear: In 1871 one Samuel Shapter was the owner of a large tract of land in Pleasantville, and he laid out the tract into lots and made a map showing such lots and a street called Rebecca avenue, which was laid out on said map eighty feet in width, and he thereafter made conveyances of lots fronting on Rebecca avenue as shown on the map. Prior to the year 1875, Samuel Shapter became a bankrupt and James H. Moran became his assignee in bankruptcy. The assignee then caused a detailed map of the Shapter property to be made, which was filed in the

register's office of Westchester county as map No. 80. This map also shows a street marked Rebecca avenue, which was eighty feet in width.

The assignee then sold a tract containing about five acres, known as Pleasantville Grove, to Charles Hall, describing it as designated on said map as Pleasantville Grove. Pleasantville Grove as shown on this map is bounded on the south by a street laid out as Rebecca avenue, eighty feet in width. The five-acre tract, upon the death of Charles Hall, passed by his will to his son, Charles H. Hall, who conveyed the property in 1907 to the Westchester Rapid Transit Realty Company, by substantially the same description.

The Westchester Rapid Transit Realty Company divided Pleasantville Grove into lots and filed a map in the office of the register of Westchester county on June 19, 1907. This map shows Rebecca avenue as fifty feet in width at the southwest corner of the tract in front of lot No. 32 on such map, and sixty-five feet in width east of said lot. The premises in question are lots Nos. 31 and 32 on this map.

In April and May of 1907 the Westchester Rapid Transit Realty Company sold lots Nos. 31 and 32 to Amanda F. Buttner by separate conveyances, and in January, 1922, Amanda F. Buttner conveyed both lots to Henry O. Buttner, and on May 1, 1925, Henry O. Buttner and wife conveyed both said lots and other lands to the defendants herein. All these conveyances are by lot number, referring to the Westchester Rapid Transit Realty Company map, and contain the clause: " Together with all right, title and interest of the parties of the first part in and to Rebecca avenue where it bounds the premises in question to the center thereof, subject to the right of the public to pass over the same and use the same as a public highway."

It clearly appears that the foregoing is the chain of title to the lots in question from Moran, as assignee, to the defendants. It also appears that Rebecca avenue, as laid out on the assignee's map, has been recognized all through this chain of title. It is also asserted by the plaintiff that without said recognition, said avenue is a public street eighty feet wide as laid out on said assignee's map in 1875, and that no action of any subsequent grantee could affect the offer of dedication made by Samuel Shapter and recognized and repeated by his assignee.

The avenue, at the present time, forms a part of Manville road, and is one of the main public thoroughfares through the said village. The village was incorporated in 1897 and the map required by law to be filed in Albany and the village clerk's office, shows the

said avenue to be eighty feet wide. The public records of the town of Mount Pleasant, from which said village was incorporated, are very incomplete, but there is no reference in these records of any closing, abandonment or discontinuance of said avenue. The village records since 1898 contain constant reference to said avenue. None of the buildings, except the defendants' on said avenue, encroach upon the eighty-foot street. The buildings are old and set back. In 1929 it was proposed to rebuild the avenue with concrete pavement to its full width of eighty feet, and it seems that a formal resolution accepting the dedication was adopted, for there never was of record until then any acceptance of dedication beyond the action of the board in accepting the map of the village upon incorporation.

Without regard to the Shapter map, the making and filing of the assignee's map in 1875, showing said avenue eighty feet in width, constituted an offer of dedication to the public of the land in said avenue as laid down on said map. Other purchasers of lots on said avenue had vested rights in having said avenue remain eighty feet wide regardless of any other consideration of acceptance and user of said avenue and regardless of any action by the village.

In *White* v. *Moore* (161 App. Div. 400) it was held that the platting of a tract of land and selling the same according to the map constituted an offer of dedication to public use, and it was also held that an offer of dedication may be accepted by a municipality created after the offer was made.

In *Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.* (41 App. Div. 93, 104; affd., 168 N. Y. 610) it was held that where a conveyance was made in 1858 according to a map previously made, although accepted in 1895, there was a dedication to the public.

In *Newton* v. *City of Dunkirk* (121 App. Div. 296) the court quoted Dillon on Municipal Corporations (4th ed. § 636) at page 298 as follows: " ' Where a plat is made and recorded, the requisite intention is generally indisputable,' " and continuing the same authority quotes section 640 as follows: " ' A sale of lots with reference to such plat, or describing lots as bounded by streets, will as between the grantor and grantee amount to an immediate and irrevocable dedication of the streets, binding upon both vendor and vendee.' "

In *Flack* v. *Village of Green Island* (122 N. Y. 107) the court said (at p. 114): " ' Where a plat is made and recorded, the requisite intention is generally indisputable.' " (Citing Dillon Mun. Corp. § 636.)

In *Holdane* v. *Trustees, etc., of Cold Spring* (21 N. Y. 474, 479) it is said: " ' To complete the dedication of a highway, if there be

no formal act of acceptance by the public authorities, the acceptance should be made out by common user, as a highway, of the land dedicated.'"

For many years said avenue has been used and worked for part of its width and all the way from Grove street to Washington avenue, and between these streets is defendants' property. This of itself, it seems to me, would constitute acceptance of the avenue although not used and worked for its full width.

The learned Justice TOMPKINS in *Village of Bronxville* v. *Lawrence Park Realty Co.* (143 N. Y. Supp. 785, at p. 788) said: " In 1898 the official survey of the town roads, and the map made therefrom, and filed in the town clerk's office, showed this triangle to be a part of the public road, and the map of 1897, made by Byrnes & Darling already referred to, shows that the road includes this triangle. These acts by the town authorities, and this use by the public, constituted, in my judgment, a legal acceptance of the Underhill triangle, so that there was an express dedication by Underhill, and an implied acceptance by the town authorities, and the public, thereby constituting the barn triangle a part of the Sagamore road."

In *Matter of Hunter* (163 N. Y. 542, at p. 548), it was said: " As was said by this court in *Cook* v. *Harris* (61 N. Y. 448, 454): ' Dedication and acceptance may be proved by the acts of the parties, and the circumstances of the case. The owner's acts and declarations should be such as to manifest an intention to abandon or devote his property to the specific public use. In the case of a highway, the public must accept the highway, and before such acceptance the dedication may be revoked. Such acceptance may be proved by long public use or by the positive acts of the public authorities in recognizing and adopting the highway. No particular length of time is essential to make a dedication valid and irrevocable. The dedication and acceptance may both concur on a single day.' "

It seems to me that the plaintiff need not rely upon the doctrine of implied acceptance, for when the village was incorporated the village map filed showed Rebecca avenue to be eighty feet wide, and this was an acceptance.

The plaintiff is entitled to judgment for the relief asked for in the complaint herein, with costs.

Submit findings.