EMIL C. SAUCHELLI et al., Appellants, *v.* JOSEPHINE B. FATA et al., Respondents.

Argued October 8, 1953; decided December 3, 1953.

*Raphael H. Weissman* for appellants. I. Defendants have no private easement. Plaintiffs, as sole owners of land abutting on the cul-de-sac, are entitled to exclusive use thereof. (*Matter of Mayor of City of N. Y.*, 188 N. Y. 581; *Nichols Copper Co.* v. *Connolly*, 208 App. Div. 667, 240 N. Y. 596; *Marshall* v. *Wenninger*, 23 App. Div. 275; *Shapiro* v. *Albany Chemical Co.*, 197 App. Div. 719; *Matter of City of N. Y.* [*Northern Blvd.*], 258 N. Y. 136; *Besch* v. *Hyman*, 221 App. Div. 455; *Howe* v. *Bell*, 143 N. Y. 190; *Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22; *McCann* v. *Chasm Power Co.*, 211 N. Y. 301; *Tax Lien Co.* v. *Schultze*, 213 N. Y. 9; *Johnson* v. *City of Niagara Falls*, 230 N. Y. 77; *Klug* v. *Jeffers*, 88 App. Div. 246.) II. Defendants have no public easement. The cul-de-sac was never dedicated nor accepted as a public street, nor condemned nor used nor maintained as such. (*Nichols Copper Co.* v. *Connolly*, 208 App. Div. 667, 240 N. Y. 596; *Matter of Wallace Ave.*, 222 N. Y. 139; *Smith* v. *Smythe*, 197 N. Y. 457; *Johnson* v. *City of Niagara Falls*, 230 N. Y. 77; *People* v. *Underhill*, 144 N. Y. 316; *Lynbrook Homes* v. *Frey*, 217 App. Div. 164.)

*Arthur S. Hirsch* for respondents. I. Appellants have no fee title to the bed of Bay Street nor are they solely entitled to exclusive use thereof. (*Lord* v. *Atkins*, 138 N. Y. 184; *Matter of Opening Eleventh Ave.*, 81 N. Y. 436; *Matter of City of N. Y.* [*Northern Blvd.*], 258 N. Y. 136; *Holloway* v. *Southmayd*, 139 N. Y. 390; *De Witt* v. *Village of Ithaca*, 15 Hun 568; *Dalton* v. *Levy*, 258 N. Y. 161; *Taylor* v. *Hopper*, 62 N. Y. 649; *Haight* v. *Littlefield*, 147 N. Y. 338; *Smyles* v. *Hastings*, 22 N. Y. 217; *People ex rel. New York, W. & B. Ry. Co.* v. *Waldorf*, 168 App. Div. 473.) II. Defendant had a legal right to remove the obstruction to the right of way and to make improvements therein. (*Morse* v. *Swanson*, 129 App. Div. 835.) III. It would be inequitable to grant to appellants the injunction they seek. (*Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22; *McCann* v. *Chasm Power Co.*, 211 N. Y. 301; *Hartshorn* v. *Chaddock*, 135 N. Y. 116; *Bomptin Realty Co.* v. *City of New York*, 276 App. Div. 1094; *Matter of Common Council of City of Brooklyn*, 73 N. Y. 179.)

FROESSEL, J. Plaintiffs are abutting owners on two sides of a cul-de-sac as laid out on a private subdivision map known as " Map of Property at Long Beach, Nassau Co. N. Y. Belonging to Scheer-Long Beach Co. Inc. Section 6 ", filed July 7, 1931, as Map No. 1091. Defendants are the owners of property, the rear portion of which abuts the cul-de-sac on its third side, which property is located on a different subdivision map, entitled " Map of Section 7. Scheer Long Beach, Belonging to Kuttner Realty Co. Inc. ", filed April 13, 1939, as Map No. 3953. Plaintiffs instituted this action to enjoin defendants from using the cul-de-sac for ingress or egress to and from their land, or for any other purpose, and for damages allegedly sustained by plaintiffs as a result of a concrete driveway having been placed on the southerly portion of said cul-de-sac by defendants.

Plaintiffs Sauchelli have title to the bed of the northerly side of the Bay Street cul-de-sac, the subject of this action, in front of their premises and to the center line only. The said plaintiffs, as well as the plaintiff Bikoff, who owns property on the southerly side, have an easement of access in said cul-de-sac. Defendants have no easement therein. The cul-de-sac was never condemned, dedicated or otherwise accepted by the Town of Hempstead, and it is not a public street (*Nichols Copper Co.* v. *Connolly,* 208 App. Div. 667, affd. 240 N. Y. 596; *Drabinsky* v. *Seagate Assn.,* 239 N. Y. 321, 325; *Matter of City of New York* [*East 177th St.*], 239 N. Y. 119, 127, 128; *De Witt* v. *Village of Ithaca,* 15 Hun 568, 571; *Matter of Mayor of City of N. Y.,* 188 N. Y. 581; *Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136, 147).

While the rear of defendants' property abutted the cul-de-sac on its third or westerly side, it was laid out and located on a different subdivision map, made by a different owner, and filed eight years after the earlier map covering the adjoining tract which laid out Bay Street. Each of said maps terminated the westerly end of the cul-de-sac by a solid line. Defendants have not shown an easement by necessity, inasmuch as they have ready access to Clayton Avenue, which is designated as the front of their property. Their claim that plaintiffs should not be granted the relief sought herein inasmuch as they are not paying taxes for their rights in the cul-de-sac is specious; nor is a showing of the cul-de-sac on the tax maps evidence

of acceptance by the public authorities (*Johnson* v. *City of Niagara Falls*, 230 N. Y. 77, 85; *Tax Lien Co.* v. *Schultze*, 213 N. Y. 9).

The judgments should be reversed, and judgment directed in favor of plaintiffs only to the extent of restraining defendants and those claiming under them from using that part of Bay Street which is the subject of this action, for ingress and egress to and from the land owned by them or either of them, and the case remitted to special term for assessment of damages, if any, with costs.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD and VAN VOORHIS, JJ., concur.

Judgments reversed, etc.