Jay Weil et al., Respondents, v. Atlantic Beach Holding Corporation et al., Appellants, et al., Defendants.— Appeal from so much of a judgment in favor of plaintiffs as decrees that plaintiffs and all other owners of property at Atlantic Beach, Nassau County, New York, shown on certain filed maps, have easements over portions of a boardwalk and walk in front of a hotel owned by appellant Atlantic Beach Holding Corporation and over a described portion of Suffolk Boulevard, directing the removal of barriers and other

obstructions therefrom and making provisions incidental thereto. Judgment modified, on the law, by striking from subdivision (1) of the first ordering paragraph the words "and walk in between the sections of boardwalk in front of the hotel" and by inserting a provision restricting the easement and right of way over the boardwalk between Putnam Boulevard and Vernon Avenue to those owners whose property was conveyed by reference to the filed maps numbered 500 and 630 and to the grantees of such owners. As so modified, judgment, insofar as appealed from, unanimously affirmed, without costs. The findings of fact are affirmed. Upon the facts presented, it was properly held that an easement by implication arose over the boardwalk and street here involved. (Cf. *Williamson* v. *Salmon,* 105 Misc. 485, affd. 196 App. Div. 922, affd. 233 N. Y. 657; *Wilkinson* v. *Nassau Shores,* 86 N. Y. S. 2d 603, affd. 278 App. Div. 970, mod. 304 N. Y. 614; *Erit Realty Corp.* v. *Sea Gate Assn.,* 259 N. Y. 466; *White* v. *Moore,* 161 App. Div. 400, and *Edom* v. *Lake,* 278 App. Div. 589.) However, the record affords no basis for the declaration of an easement over a walk on the property of appellant Atlantic Beach Holding Corporation, between sections of the boardwalk, apparently situated where a portion of the structure formerly stood. The complaint made no reference to this gap or walk nor was any relief demanded with respect thereto. The right to use the walk was not litigated and the decision is completely silent on the question. Under such circumstances, the provision granting an easement over the walk was unwarranted. (Cf. *Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220, 225.) We are also of the opinion that the judgment was erroneous in declaring that all owners of property shown upon specified maps had the right to use the portions of the boardwalk in question. The finding of an easement by implication rests primarily in the references, in the deeds to the property owners, to the filed maps plotting an open and unobstructed boardwalk along the ocean side of the development. The only maps showing that condition in front of the premises now owned by appellant Holding Corporation are maps 500 and 630; and no easement by implication arose in favor of purchasers who bought by reference to subsequent maps, which indicated that the subject portions of the boardwalk were privately owned. The easement, therefore, should be limited to those property owners whose deeds referred to maps 500 and 630 and to their grantees. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ. Settle order on notice.