Marcus G. Christ, J.
This action involves the title and the right to use a parcel of land in Long Beach, N. Y. bounded on the east by the westerly side of Lafayette Boulevard, if extended, on the west by the easterly side of Washington Boulevard, on the south by the southerly side of Water Street (now known as Bay Drive) and on the north by the northerly side of Water Street, “ all as shown on a certain map entitled Estates of Long-Beach, Long Beach, Long Island, New York, William H. Reynolds, President, Map No. 1, Charles W. Leavitt, Jr., Landscape Engineer, 220 Broadway, New York City, dated March 1907 and filed in the office of the Clerk of the County of Nassau on April 20, 1911 as Map No. 31.”
There are four plaintiffs and three defendants. Originally the action was by the plaintiffs Ben H. Feldman and Otto Churchler against the defendants Ben S. Pulitzer and Ellen Pulitzer and the relief demanded by those plaintiffs was a judgment (1) declaring their ownership of a part of the above-described parcel, (2) directing- the defendants Pulitzer to remove any materials or installations placed by them on said part, (3) enjoining the Pulitzers from trespassing thereon, and (4) damages. The defendants Pulitzer interposed an answer in which, in addition to denying the material allegations of the complaint, they alleged three defenses: (1) That the City of Long Beach was the owner of the land involved, (2) adverse *711 possession by the defendants, and (3) that the defendants possessed an easement for street purposes in said parcel. Thereafter, pursuant to motion, the City of Long Beach, as a defendant, and Dorothy C. McAvoy and Joseph Fischer, as plaintiffs, were permitted to intervene and the property in dispute was broadened to the extent described in the first sentence of this opinion. The city, in its answer, pleads as a defense that (1) the area was dedicated to the City of Long Beach as a public street, and (2) the grantees of property sold by reference to the aforementioned map of the Estates of Long Beach had an easement for street purposes granted to them.
All of the individual parties own and reside on plots abutting the southerly side of Water Street and the controversy arose when the plaintiffs Feldman and Churchler objected to the defendants Pulitzer using an unpaved portion of Water Street between the Pulitzer property and the Reynolds Channel. The plaintiffs contend they own the land in the bed of Water Street as the result of quitclaim deeds made in 1946, recorded in 1947, from (1) the Estates of Long Beach to Ben H. Feldman, and (2) James T. Heenehan, trustee in bankruptcy of Long Beach On the Ocean, Inc., to Ben H. Feldman, and deeds from Feldman to the other plaintiffs of portions thereof.
The proof reveals that by deed dated April 18, 1907 the Town of Hempstead conveyed to a corporation, Estates of Long Beach, all the land now included within the city of Long Beach. That deed reserved to the Town of Hempstead “ all the bay rights and rights to land under water adjacent to the property and beyond mean high-water mark on the northerly side thereof ”. A map was prepared by the Estates of Long Beach in 1907, in which the tract was laid out into building plots with numerous streets providing access to the many plots shown and with a street named “ Water Street ” along the bay front, the northern border of the tract. In July, 1907 a mortgage was given to the Title Guarantee and Trust Company in return for money borrowed “ to be applied to the purchase and for the improvement of the lands and premises hereinafter described ”. It will be assumed that the Title Guarantee and Trust Company had knoAvledge of the map and that it was to be filed' in the County Clerk’s office, for the latter act was necessary in order to effectuate the purpose for which the loan Avas made, viz., “ the improvement of the lands ”. The map Avas filed in 1911. Numerous conveyances were made with respect to the filed map. In particular, two were made by the Estates of Long Beach of property noAV possessed by the individual parties in Block 30 which specifically describe the northern boundary of the lots *712 involved to be the southerly side of Water Street and granted a “ right to use the surface of the street only the ownership of which is not hereby conveyed
After the City of Long Beach came into existence in 1922, the City Council recognized the existence of Water Street by many ordinances and resolutions. To enumerate some: (1) The adoption in November, 1922 of a tax map, (2) the Zoning Ordinance of 1922 and the amendment to said ordinance in 1925, (3) the construction of sewers “ in Water Street between the easterly side of Lafayette Boulevard and the westerly side of Washington Boulevard ” and the apportioning of the cost thereof on the property abutting Water Street, (4) agreement authorized in December, 1944 between city and United States Coast Guard permitting the latter to lay underground cable under Water Street, (5) the change of name of “ Water Street ” to “ Bay Drive ” in 1930, and (6) the paving of Water Street between Lafayette Boulevard and Washington Boulevard in 1940 with reinforced concrete for a width of 17'6" and 303' in length.
It has recently been held by Mr. Justice Ritchie in Sauchelli v. Town of Hempstead (143 N. Y. S. 2d 889, 891) that: “ The filing of the map of the subdivision constituted an offer of dedication of all streets shown thereon for use as public highways in the absence of a reservation to the contrary, sec. 278 of the Town Law. Such offers are continuing offers until a valid revocation or rescission is effected. Under circumstances such as here presented, offers may be revoked by the dedicator and his grantees, Russell v. Church, 118 Misc. 473, 194 N. Y. S. 724, but until such revocation all that is required to effect a change into public highways of streets so dedicated is a proper acceptance by authorized public entities. Bridges v. Wyckoff, 67 N. Y. 130. The acts of individual abutting owners do not constitute a valid revocation. Bridges v. Wyckoff, supra.” The Appellate Division affirmed his holding in 1 A D 2d 689, and stated in part: “ Bevocation of an offer of dedication of land to public use is not effective unless ‘ made by all the parties who have a legal interest in the lands subject to the offer of dedication to public use.’ (White v. Moore, 161 App. Div. 400, 403.) ” Here, an offer of dedication was made in 1911 when the subdivision map was filed with no ‘ ‘ reservation to the contrary ”. That offer continued and there were no attempts at revocation prior to the acts of the City Council enumerated above.
The fact that the City of Long Beach was not in existence when the offer of dedication was made did not prevent an accept *713 álltíe of the offer after the city’s creation. In White v. Moore (supra), a somewhat similar situation was involved, and the court stated, by Cabe, J. (161 App. Div. 400, 402): “ The fact that at the time the offer was made originally, in 1880, the village of Sea Cliff had not been incorporated, is of no importance. When that village came into legal existence subsequently, it could accept the offer of dedication for public use. * * * If it made such acceptance it was not required to do so by formal act, even if there was a statute providing for formal acceptance, unless said statute declared such form of acceptance exclusive.” (See, also, Buffalo, Lockport & Rochester Ry. Co. v. Hoyer, 214 N. Y. 236, 243.)
It is urged by the plaintiffs that if there were an offer of dedication it was not accepted by the defendant city. The court has enumerated heretofore acts of recognition of Water Street by the City Council. Clearly, these acts constituted an acceptance of the offer of dedication.
In Matter of Hunter (163 N. Y. 542) a map was filed in 1890 by a property owner showing a street named thereon as Rawson Street and conveyances were subsequently made with reference to the map and to Rawson Street. The Common Council of the City of Albany in May, 1898 adopted an ordinance which provided for the construction of a sewer along certain strets. Several times in the ordinance reference was made to Rawson St. with the sewer to be constructed in certain sections of said street. The Court of Appeals wrote (p. 548): “ Any action by the common council showing a clear intention to recognize the strip of land in question as a street was an acceptance of it as a public highway. * * * A resolution formally and in terms accepting the street was unnecessary, for any official act on the part of the common council which treated it as a street and showed an intention to adopt it as one of the public streets of the city would be sufficient.” (Italics supplied.) They went on to hold that the use of the street as a street by the proper authorities constituted an acceptance. (See, also, Village of Pleasantville v. Siciliano, 141 Misc. 283; Petrie v. City of Rochester, 206 Misc. 96.)
The authorities cited by the plaintiffs (Lynbrook Homes v. Frey, 217 App. Div. 164; Nichols Copper Co. v. Connolly, 208 App. Div. 667; Johnson v. City of Niagara Falls, 230 N. Y. 77; Matter of Wallace Ave., 222 N. Y. 139; People v. Underhill, 144 N. Y. 316) are distinguishable, for the facts stated therein do not show acts of recognition by the governing body of the municipality as in Matter of Hunter (supra) and in the instant case.
*714 The deeds received by the plaintiff Feldman in 1946 could not revoke the offer of dedication even if the acts of the city heretofore stated had not occurred prior to the execution of said deeds, for all of the grantees interested in the use of Water Street would have to join in the revocation (Sauchelli v. Town of Hempstead, supra) and two interested parties who did not are the defendants Pulitzer.
Although it may not be necessary to add other reasons for finding in favor of the defendants, the court also finds that the defendants Pulitzer had a right granted to them in Water Street which could not be extinguished. As stated in Fiebelkorn v. Rogacki (280 App. Div. 20, 21-22, affd. 305 N. Y. 725) at pages 21, 22: “ The rule of law is that when an owner of property sells lots in reference to a map, which lots abut upon a street as shown on the map, the grantees are entitled to have the land shown as a street left open forever as a street or highway and this is so whether or not it is accepted by the town or municipality as a public highway.” (See, also, Fortwal Realties v. Fitzsimons, 117 N. Y. S. 2d 3.) The Pulitzer property abuts on Water Street.
Moreover, the situation existing here is very similar to that disclosed in another recent decision. In Weil v. Atlantic Beach Holding Corp. (131 N. Y. S. 2d 225, mod. 285 App. Div. 1080, mod. 1 N Y 2d 20) a tract of land west of Long Beach known as Atlantic Beach was involved. Two property owners closed a street designated on the map as Suffolk Boulevard and prevented passage to the bay area at the head of that street. It was contended that the plaintiffs therein who did not live on Suffolk Boulevard had no easement in Suffolk Boulevard, but Mr. Justice Stoddabt wrote (pp. 230-231):
“ The contention of these defendants that the plaintiffs who reside on Tioga Avenue are not entitled to an easement in Suffolk Boulevard as their properties do not abut on that street might be entitled to some consideration (Reis v. City of New York, 188 N. Y. 58, 80 N. E. 573; Goldrich v. Franklin Gardens Corp., 282 App. Div. 698, 122 N. Y. S. 2d 56) if the plaintiffs were merely concerned with access to highways, but these plaintiffs and other property owners have a definite property right in the Bay area off Suffolk Boulevard. Access to the Bay was promised by the developer and the owners of interior plots who were denied such access would suffer a material loss, for one of the attractive features of living near the water would be eliminated. In the Reis case, supra, the court stated, 188 N. Y. at page 69, 80 N. E. at page 576, that
*715 “ ‘ We are dealing here with a street which appears never to have been opened in fact, and ivith a case where it is not shown that the closing is in any respect a pecuniary detriment to the plaintiff or an injury to her property rights either as one of the public or m her capacity as a private citizen.’ (Italics supplied.)
“ The situation here is similar to that existing in Williamson v. Salmon, supra, in which the court wrote at Special Term, 105 Misc, at page 487, 173 N. Y. S. at page 618:
“ ' A party who sells a lot according to a map should be held to his implied covenant of an easement in all of the streets and parks shown on the map, so far as their existence adds to the value of the property sold.’ ” (Italics supplied.)
Here, too, we are dealing with a community in which access to the waterfront is a valuable right. Water Street was shown on the map by the developer to be running along the water on the northern side of Long Beach with no land separating it from the Reynolds Channel. Clearly, it would be reducing the value of interior plots if access to the bay area was denied. These interior plot owners may not in their absence have a judgment taken adversely affecting any property interest they may possess in Water Street. The City of Long Beach pleads the interest of said grantees in its second defense and in view of the fact that an adverse decision is not being made, it will be held, as urged by the city, that said grantees have an easement for street purposes in the subject area.
The individual defendants pleaded adverse possession by them and their predecessors in title for 30 years, but the proof offered does not support an affirmative finding on such defense.
An additional weakness in the plaintiffs’ case may be mentioned. The quitclaim deeds of the trustee in bankruptcy of Long Beach On the Ocean, Inc. and of the Estates of Long Beach describe the property conveyed “ as shown on a certain map ’ ’ and paragraph " First ’ ’ of the complaint quoted in part in the first paragraph of this opinion contains the same language. But all parties concede that when the city laid a new bulkhead (1928) it was 15 to 20 feet farther north than the old bulkhead which constituted the northerly boundary of Water Street as shown on the map. Therefore, as the pleadings do not cover this portion of Water Street, no determination with respect to it may be made. In fact, it is doubtful that the conveyance by the Town of Hempstead to the Estates of Long Beach included this area, for the northerly boundary of the property conveyed was not beyond the “ mean highwater mark on the northerly side thereof
*716 In view of the foregoing, judgment will be granted, with costs, in favor of the defendants dismissing the complaint of the plaintiffs Feldman and Churchler and the reply of the intervening plaintiffs McAvoy and Fischer. Even though there be no counterclaims interposed in the answer, judgment will be granted declaring the city to be the owner of the subject area subject to an easement for street purposes in the individual parties (see Marshall v. City of Norwich, 1 A D 2d 498).
Pursuant to section 440 of the Civil Practice Act, this constitutes the decision of the court.
Submit judgment on notice.